THE TOWN OF CARONDELET vs. BEVERLY ALLEN'S EXECUTORS.

1. Plaintiffs sued the town of Carondelet in an action of debt; the process was served upon the chairman of the board of trustees; before the suit was called he ceased to be chairman, and another person succeeded him; a judgment by default was rendered: during the term the successor filed a motion to set aside the judgment by default; the motion was sus-

tained by an affidavit "that the late chairman of the board of trustees, who had neglected to attend to the suit, had ceased to be such chairman, that the affiant was his successor, had attended to the suit as soon as he heard of it, and *was advised by counsel* that the town had merits and a just defence to the action;" the court refused to set aside the judgment by default. Held, that the circuit court did right—that although the affidavit could be held sufficient on the score of *merits*, it disclosed a want of diligence on the part of the corporation.

2. In a contract with A that in "consideration of the services rendered and to be rendered" by him, in certain suits mentioned, the defendants oblige themselves to pay him five hundred dollars *absolute'y*, and upon a contingency mentioned, the further sum of one thousand dollars. Held, that the death of A before the future services were rendered, could not affect the right of his administrator to collect the sum of five hundred dollars, with interest from the date of the contract.

## APPEAL from St. Louis Court of Common Pleas.

**R. M. FIELD**, for appellant.

I. There was error in overruling the motion to set aside the default. For the case shows that the defendants had a meritorious defence, and the default arose from the change of the head officer of the corporation between the day of the service of the summons, and its return.

It is conceded that the reported cases in this State seem to require diligence on the part of defendants, but the rule, it is conceived, would have a different application to a corporation than to a natural person.

The service of the summons on the head officer of the corporation, was only constructive notice of the suit to the corporation, and the principle adopted by this court in Sloane vs. Forse (11 Mo. Rep. 126) applies. Lecompte vs. Wash, 4 Mo. Rep. 557; Wimer vs. Morris, 7 Mo. Rep. 6; Greene vs. Goodloe, Ib. 25; Steigers vs. Darby, 8 Mo. Rep. 679; Field vs. Matson, 8 Mo. Rep. 686; Lament vs. Mullikin, 10 Mo. Rep. 495; Austin vs. Nelson, 11 Mo. Rep. 192; Stout vs. Lewis, 11 Mo. Rep. 438; Sloane vs. Forse, 11 Mo. Rep. 126.

The rule of the common law is plain that a judgment by default will be set aside on an affidavit of merits, so that a term be not lost to the plaintiff Tidd's Prac. 507, 8. This rule was recognized by this court in Field vs. Matson, and it incontestably applies to the case now before the court.

II. The court below erred in its instruction to the jury on the assessment of damages. By the contract the testator was to receive $500, in consideration of services rendered, and to be rendered. It appeared that the testator died before the services were completely rendered. The jury ought therefore to have been instructed to apportion the sum equitably, according to the services actually rendered, if the plaintiff was entitled to recover at all. See the cases collected in the notes to Cutter vs. Howell, 2 Smith's leading cases (Am. Edition.)

III. The instruction as to interest was clearly wrong. The party was only entitled to interest from the time the money was payable by the contract and that was the business of the court to declare. Under the instruction of the court the $500, was payable on the decease of testator, and from that time only was interest demandable if the construction of the court was correct.

**MULLANPHY**, for appellant.

1st. That the affidavit to set aside the default was sufficient.

---

---

2d. That on the inquiry future service of appellces' testator ought to have been proved.

3d. That the judgment below was excessive in amount.

### COBB vs. appellees.

1st. The contrary opinion of a counsel in regard to the construction of a contract, does not make it imperative on a court to set aside its judgment. Affiant does not state that he believes, but that he is advised by counsel that defendant has merits, &c.

2d. The 1st, 2d and 5th instructions asked by defendant's counsel and refused by the court, and the 2d and 3d given for the plaintiffs as also the decisions of the court, that it was unnecessary to prove either that the suits were determined or still pending; are all involved in the construction of the contract sued on—to-wit, whether the parties, when they expressly agreed that the $500 fee should be paid "absolutely," intended to mean that it should not be paid absolutely, but conditionally—when in the same contract they agreed that the additional sum of $1000 should be the conditional fee. It is insisted that the intention of the parties to the contract was to secure a retainer fee.

3d. Defendant ought not to object to the 1st instruction for interest. The damages instead of being excessive, might have been greater, according to law.

4th. The 3d and 4th instructions asked by defendant's counsel are in favor of the plaintiff, and therefore defendant has no right to object to their refusal by the court.

5th. The declaration alleges all that is required to recover the amount sued for on the contract.

6th. The court was right in overruling defendant's motions in the case.

Judge BIRCH, delivered the opinion of the court.

A verdict was found, a judgment entered in the court below, upon a count in debt which recited and treated as a specialty or bond, an instrument of which the following is a copy:—"In consideration of the services rendered, and to be rendered, by Beverly Allen, Esq., in defence of the following suits, before any court in the county of St. Louis—to-wit: Bingham vs. Dent, Inhabitants of Carondelet vs. Rolan Brown, Same vs. Benjamin Allen, and Benoist Manschal vs. William Gibson, and in re-establishing the right of the Inhabitants of the town of Carondelet to commons north and south of the river Desperes —the inhabitants of the town of Carondelet oblige themselves to pay to Beverly Allen the sum of five hundred dollars absolutely, and in case of a final decision on said right to commons north and south of the river Desperes, favorable to the inhabitants aforesaid, whether by judgment of court or by sanction of the United States, the additional sum of one thousand dollars.

"In testimony whereof, the board of trustees of said corparation have hereunto affixed the common seal of said corporation. Done at Carondelet, this 30th day of March, 1840.

NOS. PAUPE,

Chairman of Board of Trustees,

Of the Inhabitants of Carondelet.

[SEAL]

P. L. McLAUGHLIN, Register.

The declaration contained the usual averment, as to having rendered the future services, according to the tenor and effect of the instrument sued on. The writ was served upon Peter D. Barrada, chairman of the board of trustees of the town, on the 22d day of January, 1848, and on the 15th of February following, the case being called in course, and no person appearing for the defendant, a judgment by default was entered, and an inquiry of damages ordered to be made during the same term. On the 17th of April following, (the February term still continuing) before proceeding to the inquiry of damages, an ineffectual motion was made to set aside the judgment by default—the affidavit upon which it was founded alleging that "Barrada, late chairman of the board of trustees, who had neglected to attend to the suit, had ceased to be such chairman, that the affiant was his successor, had attended to the suit as soon as he heard of it, and was advised by counsel that the town had merits and a just defence to the action." It may probably be as well to remark here as elsewhere, that if even such an affidavit as this, in the words we have it italicised, could be held sufficient on the score of merits, the question of diligence would still be adverse to the corporation, without allowing to it greater indulgence than is usually extended to individuals—so that we see no sufficient reason for revising the discretion of the court in overruling that motion.

After reading the bond in evidence, the defendant offered to prove that the testator of the plaintiff died before the termination of the suits therein mentioned, and that the same were still pending, to which the court refused permission, on the ground that it would constitute no defence to the action; and the court thereupon instructed the jury, that the effect of the default, was to admit the rendition of the services, leaving open for inquiry, the question of the amount due, which was nevertheless fixed by the agreement, whether the plaintiff's intestate conducted the business to a successful termination or not, or whether he lived to have it determined one way or the other; and that the plaintiffs were entitled to interest on the money payable under the contract from the time they could find it was vexatiously withheld.

As the giving of these instructions was objected and excepted to, and as after refusing to set aside the default they became decisive of the whole case, it is deemed unnecessary to copy or remark upon the antagonistic ones offered by the counsel for the defendants. Supposing, also, that the judge's declension to set aside the default was strengthened, if not prejudiced, somewhat upon the legal perception and conclusion, that the grounds then intimated and now relied upon, could not change the legal finding of the jury, under the instructions subsequently

given them, nothing *practically* favorable to the defendant could have been gained by more fully opening the case as prayed for. If the instructions were correct, as we think they were, nothing of course but additional *credits*, which are not pretended to either in the affidavit or the motion, could have produced a finding materially different from the one complained of, for if the damages be excessive at all, they are only so in so trifling a miscalculation of the interest as to disentitle them to be here complained of.

No sufficient reason is perceived, upon which that portion of the paper relied upon in this suit acknowledging an indebtedness of $500 "absolutely" in contract with another sum which was to be paid *conditionally*, can be regarded or dealt with as falling in any respect below the grade and dignity of an ordinary specialty, absolute under the common law. To the objection that "no time of payment was fixed," the answer readily suggests itself that it was due from the moment of its execution; the law inferring such to have been the understanding and the purpose of the parties. Had it been otherwise intended by the parties, no other legal inference can be entertained, than that they would have so expressed it, so that if the corporation has really subjected itself to the payment of the money earlier, or otherwise than it intended to do, (putting in the shape of a retainer what was not so designed) its own inconsideration or want of discrimination has been the cause of it. It is not pretended that the person who executed the bond had not the authority to bind the corporation as he did; the argument, or rather the intimation, that because a corporation can *only* be bound by *its* seal, its sealed obligation is therefore to be treated differently from other and similar specialties, being regarded as rather the result of professional zeal than professional reflection. 15 Wend. 256.

Upon the whole case, therefore, as neither the discretion of the court below upon the motion to set aside the interlocutory judgment, its subsequent instructions to the jury, nor its final refusal to arrest the judgment which was entered upon their finding, seem to justify or require the interposition of this court, the judgment of the court of common pleas is in all things affirmed.