Harbison v. Sanford.

---

HARBISON *et al.* v. SANFORD *et al., Appellants.*

1. **Partition: PARTIES: PRACTICE: JUDGMENT.** The beneficiary in a deed of trust is a proper party to a suit for the partition of the land, and, where he is dead, his administrator, in a regular course of proceedings, should be made a party, and could be appointed at the instance of his heirs or of a creditor; and, when appointed, could be made a party any time before final judgment, which is the approval of the sale or report of the commissioner, as the case may be. Where this is done, the court could order the money paid to the administrator.

2. ——: ——: ——: ——. Where a creditor of the beneficiary, instead of pursuing such course or making such suggestion

to the court, makes the specific issue that he is entitled by contract to one-fourth of the proceeds realized, which issue is adjudged against him, of which he does not complain, he will be held to abide the consequences of the method adopted by him to test his right.

*Appeal from Cape Girardeau Circuit Court.*—Hon. J. D. Foster, Judge.

AFFIRMED.

*Linus Sanford pro se.*

(1) The evidence shows conclusively that Nathan Vanhorn died in California, and that there had been no administration upon his estate. The record fails to show affirmatively, as it should, that an administration had been had, or all debts paid, before an order of distribution could go as to the interest of said Vanhorn. R. S., sec. 3380. (2) The evidence shows that said note and deed of trust had continued to remain in the possession of said Sanford, as attorney, up to the death of said Vanhorn, and that no fee or compensation had been paid said Sanford. This being a continuous employment, the statute of limitations does not run against the claim for attorney's fees.

*Marshall Arnold* for respondents.

(1) The first point relied upon by appellants is not tenable. When the court adjudged that the interest of Nathan Vanhorn should descend to and vest in his heirs, it impliedly found the fact that neither such interest nor its proceeds was liable to a course of administration. The decree embraces all the requisites of the statute. R. S., sec. 3352. And it is not at all necessary to incorporate all, or, indeed, any, of the facts on which a decree is founded. Every fact necessary to support the legal conclusion—the judgment—will be presumed to have been

found by the court. *Judge v. Bogee*, 47 Mo. 544; *Ervin v. Brady*, 48 Mo. 560; *Bayha v. Kessler*, 79 Mo. 555. Respondents submit that these facts are all found at the time of the rendition of the judgment of partition, and exceptions, if any, should be then taken, for the plain reason that the order of distribution must be in strict conformity to the judgment of the court. R. S., secs. 3350, 3381. (2) Nor is appellants' second ground of reversal well taken. The evidence shows that, if any claim at all against Vanhorn resulted in favor of Sanford, it was that of an attorney's fee in 1868, for services in securing the debt by the note and deed of trust. His subsequent attitude is that of a trustee simply, who became the agent of both parties, and who could not place himself in a position where his duty and his interest might conflict. In other words, if he was the agent of both parties, he could not act as the attorney of one of them. This dual capacity he cannot sustain. *Goode v. Comfort*, 39 Mo. 313; *Rea v. Copelin*, 47 Mo. 76; *Carter v. Abshire*, 48 Mo. 300; *Chesley v. Chesley*, 49 Mo. 540; *Long v. Long*, 79 Mo. 644. In 1868 Vanhorn was living —did not die until 1879. The statute of limitation, then, commenced to run in 1868, and appellants' claim for attorney fees was barred before the death of Vanhorn. (3) It would seem, then, that appellants' effort to graft a continuous employment upon a stale claim—which, under the rule established in *Wells v. Perry*, 62 Mo. 573, would not be tolerated— to prevent the running of the statute of limitations, ought not to succeed. Stripped of its disguise, appellants' claim rests on the theory that he is entitled to compensation for sustaining the onerous position of trustee in a deed of trust from 1868 to 1884, a period of sixteen years, although no sale was ever made under the deed of trust, but was, indeed, strictly forbidden by the beneficiary, who, notwithstanding the anxiety of the trustee to sell, seems yet to have been more solicitous of his sister's welfare than of the collection of his

debt. The law is otherwise. R. S., secs. 3318, 3319 ;
*Tracy v. Railroad*, 84 Mo. 210. (4) Respondents in-
sist that the defendant, Sanford, was an incompetent
witness. He was a party defendant, Vanhorn dead, and
the "cause of action in issue and on trial," whether an
order of distribution could go, by reason of the indebt-
edness of.Vanhorn to Sanford. R. S., sec. 4010 ; *Kellogg
v. Malin*, 62 Mo. 429 ; *Ring v. Jamison*, 66 Mo. 424 ;
*Angell v. Hester*, 64 Mo. 142. Conceding, however, the
evidence to be competent, it shows no reason why the
order of distribution should not have gone. For aught
that appears to the contrary, Vanhorn may have "per-
sonal property, or other real property, not already par-
titioned, more than sufficient to pay all claims and
demands against" his estate. And it is presumed that
the court found this fact before making its decree. R.
S., sec. 3350, and authorities cited *supra*, under first
head.

BLACK, J.—This was a suit for the partition of real
estate among the heirs of J. C. Harbison, and Linus
Sanford, who had acquired the interest of Darwin Har-
bison. The interest of J. H. R. Harbison was encum-
bered by a deed of trust, which he had made to Sanford,
as trustee, to secure a debt to Nathan Vanhorn. The
heirs of Vanhorn were made parties, and the proceeds
of this deed of trust were ordered to be paid to them and
their assignees, and, of this order, Sanford, who is the
only appellant, complains on the ground that he was a
creditor of the Vanhorn estate.

The petition sets out the deed of trust and alleges
that Vanhorn died, leaving three heirs, two of whom
had assigned their interests in the debt to one of the
plaintiffs, and that all of the debts of that estate had
been paid. Appellant in his answer refers to this deed
of trust, and states that, by contract with Vanhorn, he
was to have for fees as attorney in securing and collect-

ing the debt one-fourth of the amount realized. The decree, in stating the interests of the parties, finds that John N. Harbison, one of the plaintiffs, is entitled to two-thirds of the debt, and that Mrs. Dickerson is entitled to the other one-third. There is a judgment that partition be made according to the interests of the parties as found, and to that end a sale of the premises is ordered. No exceptions whatever were made to the decree, but at a subsequent term, when the sheriff's report of sale came on for approval, appellant suggested that the estate of Vanhorn was indebted to him and objected to the disbursement of the avails of the deed of trust, which objections were overruled, and from that ruling he appealed.

The beneficiary in a deed of trust to secure the payment of a debt is a proper party to a suit for partition of the land. This conclusion was not stated in *Yates v. Johnson*, 87 Mo. 213, because not necessary to a disposition of that case, but it results from what is there said. As Vanhorn was dead, his administrator, in a regular course of proceedings, should have been made a party to the suit. An administrator could have been appointed at the instance of the heirs, or the appellant, if he was a creditor; and, when appointed, could have been made a party to the suit at any time before final judgment. *Parkinson v. Caplinger*, 65 Mo. 292. The final judgment is the approval of the sale, or report of the commissioner, as the case may be. *Murray v. Yates*, 73 Mo. 14. Had that been done, the court could and doubtless would have ordered the money paid to him. *Langham v. Darby*, 13 Mo. 556. But, instead of pursuing this course, or making any such suggestion to the court, the appellant made the specific issue that he was entitled by contract to one-fourth of the proceeds realized. That issue was fairly adjudged against him, and of that finding he does not complain. He chose the

method by which he would test his right, and he ought to be held to abide the consequences.

Again, when he changed the form of his demand from a claim to a specific interest in the fund to a general indebtedness of the Vanhorn estate to him, the court heard the evidence. The services were rendered some twelve or thirteen years before the commencement of this suit, and the court evidently found that he had no subsisting demand against the estate, and with that finding we are satisfied.

There is no claim that the estate is otherwise indebted, and substantial justice requires that this judgment should be affirmed, and it is so ordered. All concur.