HULL, Respondent, v. LYON et al., Appellants.

1. Communications made to an attorney at law as such are privileged, and the attorney can not be permitted to testify concerning them without the consent of the client. This rule applies to the case where two persons, having hostile interests, consult the same attorney, at the same time, with respect to the matter in dispute, and one of such parties calls upon the attorney to

testify with respect to the declarations and admissions made by the other at the consultation.

2. Whether a communication is a privileged one is a question for the court.

3. A mortgagee is not bound to notice the partition of the mortgaged premises in a suit instituted for that purpose. If, however, in a partition suit, in which he is a party defendant in right of his wife, he should set up his mortgage, and an issue joined with respect to the existence of the mortgage should be determined against him, he would, it seems, be bound by the judgment. If no more appears from the record than that the mortgage was set up by the mortgagee, that issue was taken as to its existence, and that no notice was taken of the mortgage in the interlocutory or final judgments, the record would furnish only *prima facie* evidence that the question of the existence of the mortgage was passed upon; it might be shown by parol evidence that the question was never actually submitted to or passed upon by the court.

4. Where, during the pending of a suit to foreclose a mortgage, third persons become interested in the premises by purchase, it is not necessary, in order to authorize a decree against them in respect of the interest acquired by them, to make them parties to the suit; they may be made defendants, on their own motion, under the sixth section of the act concerning mortgages. (R. C. 1855, p. 1089.)

### Appeal from St. Louis Circuit Court.

This was a suit commenced by Joseph S. Hull on the 8th of November, 1852, to foreclose a deed of trust executed April 17, 1841, by Robert N. Moore and Alexander Moore, to secure the Bank of Missouri the payment of a note drawn by Robert N. Moore and endorsed by Alexander Moore and discounted by said bank, and to secure the payment of any note that might be given in renewal of the same. The petition stated that after several renewals of the original note, Robert N. Moore executed his note for $1,843.34, dated December 23, 1842, which was endorsed by Alexander Moore and by the plaintiff Joseph S. Hull, and discounted by the Bank of Missouri in renewal of the first note ; that this note was not paid at maturity and was protested; that the plaintiff Hull, at the request of Robert N. Moore, paid said note to the bank on the 12th of November, 1848, and received an assignment of the deed of trust on the 15th of November, 1848. The land conveyed by said deed of trust was the undivided two-thirds of a tract of three by forty arpens. The

petition further stated that Robert N. Moore was dead, having devised his property to his widow Anna M. Moore, who afterwards married James M. Lyon; that Hugh A. Garland was executor of said Robert N. Moore; that Alexander Moore died, leaving as his heirs Elizabeth Hull, said Robert N. Moore, Julia N. Moore and Elizabeth Moore; that Elizabeth Moore was also dead; that Julia N. Moore was an infant; that by order of the probate court the title and estate of Robert N. Moore in the premises had been sold and that James M. Lyon became the purchaser, but had not paid the purchase money and a deed had not been made.

The parties to this suit originally were James M. Lyon and Anna M. his wife, Julia N. Moore, and Hugh A. Garland, executor of Robert N. Moore. Afterwards Julia N. Moore marrying David C. Hall and dying leaving a daughter, said Hall and daughter were made parties. Garland also died and the administrators *de bonis non* of Robert N. Moore and of Alexander Moore were made parties. The defendants put in issue the allegations of the petition, alleging that Robert N. Moore had himself paid the note described in the petition. The court submitted to a jury an issue whether the plaintiff had paid the note to the bank with his own money. Upon the trial of this issue, Judge Lord was called as a witness in behalf of the plaintiff. He testified that both Hull, the plaintiff, and Robert N. Moore came to the office of Leslie & Lord for advice about this note and deed of trust and the transfer to plaintiff. He was required, against the objection of the defendants, to testify concerning statements made by Moore at that interview. The jury found the issue for the plaintiff.

The court, in its finding, found substantially the execution of the deed of trust and note as alleged; that plaintiff paid the note at the request of R. M. Moore and took an assignment of the note and deed of trust; that at the institution of this suit he was the holder thereof for value. After the death of said Robert N. Moore, and before the institution of this suit, on the 17th of November, 1851, the right, title and

interest of Robert N. Moore in said tract was sold, under the order of the probate court, to James M. Lyon. Lyon not being able to comply with the conditions of sale, John S. McCune and Peter L. VanDeventer were substituted and received a deed from Hugh A. Garland, dated September 21, 1853. It also appears that at the October term, 1853, of the St. Louis land court, Julia N. Moore instituted a suit in partition against Joseph S. Hull and his wife Elizabeth, James M. Lyon and Anna M. his wife, Peter L. VanDeventer, John S. McCune and George W. Putnam; that in this suit partition was made according to the respective rights of the parties. The commissioners assigned to McCune and VanDeventer, for the interest acquired by them under the above deed of the executor of Robert N. Moore, certain lots designated as lots numbered 1, 2, 4, 5 and 6. McCune and VanDeventer were also required to pay said Elizabeth Hull the sum of $300 to equalize the difference in the value of the lots assigned to said McCune and VanDeventer and those assigned to said Elizabeth Hull. This partition was made at the October term, 1855, of the St. Louis land court. In his answer in this suit, said Hull set up his claim under the deed of trust. McCune and VanDeventer denied the existence of this claim. Judgment for partition was given without reference to it. It also appeared from the finding that, after said petition was made, said Elizabeth Hull died leaving her surviving two children. Joseph S. Hull instituted proceedings against his said children for partition of that part of said three by forty arpent tract that had been assigned to said Elizabeth Hull. Such proceedings were had in this suit that partition was made, and under the judgment of the court the land was sold and the plaintiff became the purchaser.

The court ordered a foreclosure, in behalf of plaintiff, of the deed of trust in respect to those portions of the three by forty arpent tract that had been assigned to McCune and VanDeventer in the partition suit above mentioned, and ordered the sale of said lots numbered 1, 2, 4, 5 and 6.

38—VOL. XXVII.

*Whittelsey*, for appellants.

I. The court erred in permitting Judge Lord to testify. The communications made to him were privileged although the same attorney was consulted by both parties. (1 Greenl. Ev. § 241, 240; 2 Stark. Ev. 229; Cromach v. Heathcote, 2 B. & B. 4; Parker v. Carter, 4 Munf. 273; Wilson v. Troup, 7 Johns. Ch. 25; Doe v. Seaton, 2 Ad. & El. 171; Doe v. Watkins, 3 Bing., N. C., 421.)

II. Hull having failed to establish his mortgage in the partition suit, the question became *res adjudicata*. (2 Johns. 210; 12 id. 313; 2 Conn. 435; 5 Wend. 245; 3 Johns. 220; 7 Cranch, 557; 5 Hill, 114; 9 Cow. 271; 1 Watts, 149; 8 Mo. 120.) The finding was erroneous in declaring that McCune and VanDeventer (who are not parties to the suit) purchased after the commencement of this suit. As they took the place of James M. Lyon, their purchase goes back to the date of his purchase, September 18, 1851. The court also erred in not declaring what were the interests of the parties as established in the land court in the *partition of* Julia N. Moore v. Hull and others. The court also erred in finding that the interest set off in the partition suit to McCune and VanDeventer was that which Robert N. Moore had in the whole tract at the date of the deed of trust. One-ninth descended from Alexander Moore; four-ninths of said tract belonged to R. N. Moore at the time of his death.

III. Plaintiff submitted to a partition of these lands in fee, and is estopped from destroying the effects of this partition by selling the property, part of which his wife inherited and which he now holds by purchase at a partition sale based upon the previous partition. A proper sale under the deed of trust would divest the title of two-thirds of the land and thus enforce a new partition. (6 Verm. 395; Phelan v. Kelly, 2 Wend. 389; Jackson v. Streeter, 5 Cow. 529; Jackson v. Hinman, 10 Johns. 292; Vanhorn v. Fonda, 5 Johns. Ch. 406; Picot v. Page, 26 Mo. 398; 3 Dana, 326.) The judgment is also erroneous in that it directs the shares

assigned to McCune and VanDeventer to be sold separately, when they were not before the court, and consequently the court acted without having the proper parties before it. McCune and VanDeventer, in the partition, paid the plaintiff money to equalize the shares; yet this land for which the plaintiff has received their money is to be sold, while the share that plaintiff's wife received through Alexander Moore is unsold.

IV The only decree the court was authorized to make was that the equity of redemption in the whole property mortgaged be foreclosed and the property sold to pay the mortgage debt. Lyon bought subject only to legal claims and encumbrances, and not to any unknown equities that might have existed between Robert N. Moore and Alexander Moore. The land of Alexander was subject to the encumbrance for the whole debt as well as the share of Robert N. The court threw the whole burden upon the one-third of Robert N. Moore and the one-ninth that came through Alexander Moore. The subsequently acquired one-ninth was not subject to the mortgage except through the conveyance made by Alexander Moore. Lyon and McCune and VanDeventer under him were purchasers for value in good faith and without notice of any equities existing between R. N. and Alexander Moore to throw the whole burden on Robert's share.

*Krum & Harding*, for respondents.

I. The testimony of Judge Lord was competent. His testimony was not within the rule of privileged communications.

II. The court properly subjected the interest allotted to McCune and VanDeventer to the satisfaction of the deed of trust. The parties who purchased Robert N. and Alexander Moore's undivided interest, or the interest of either, in the mortgaged premises, took it *cum onere*. When this interest was set apart in the partition suit the encumbrance followed it. The finding was sufficient to sustain the judgment. It

was not necessary that McCune and VanDeventer should be made parties to the suit.

Scott, Judge, delivered the opinion of the court.

The act concerning witnesses prescribes that an attorney shall be incompetent to testify concerning any communication made to him by his client in that relation or his advice thereon, without the consent of such client. (R. C. 1855, p. 1578.) Though Hull, the plaintiff, had an interest with Moore in the matter about which the common attorney was consulted, he had no right to any communications Moore might have made. The aim of the evidence was to affect Moore and those claiming under him. Any information Moore may have communicated, or any facts he may have stated, or admissions he may have made, to his attorney, can not be disclosed at the instance of one who had a hostile interest in the subject of the consultation, although he attended it and employed the same attorney to advise as to his rights and interests in the matter about which they consulted. The consent of both parties was necessary to make the attorney a competent witness. Whether a communication is a privileged one is a question for the court.

We do not see in what way the defendants were affected by the omission of the court to declare the interests of the parties to the land as established in the partition suit of J. N. Moore v. Hull et al. If they were subjected to the payment of no more of the mortgaged debt than their interest in the land was subject to, they have no cause of complaint.

In the partition suit referred to, Hull set up the mortgage and prayed the benefit of it. Hull was not bound to do this, and his failure to do it would not have affected his rights. But notwithstanding this, if he did set up his mortgage and it was determined against him, he, it seems, would be bound by the judgment. (Thompson v. Wineland, 11 Mo. 243.) A mortgagee is not compelled to notice the partition of premises on which he has a mortgage, only so far as in a proceed-

ing to foreclose he must see that the proper parties are brought before the court. McCune denied the existence of the mortgage debt, and nothing more is disclosed in relation to the matter. Under such circumstances, the record at most would furnish only *prima facie* evidence that the matter was passed upon by the court. It would be competent to show by parol evidence that, although stated in the pleadings, yet in fact the matter never was submitted to the determination of the court. (State v. Morton, 18 Mo. 53.) But the difficulty in relation to this is that McCune is no party to this suit. This is insisted on by him in this court. How then can he have the benefit of an estoppel, created by a judgment in one suit, in another suit to which he is no party ?

The interest of McCune and VanDeventer in this litigation arose at the time they made the contract to purchase Lyon's interest. Whatever benefit may be derived from the doctrine of relation as between the parties to the agreement to purchase, in determining the question whether they were proper parties to this suit we can only look at the date of the contract by which they became interested.

We do not conceive that there is any thing in the point that Hull is estopped by the judgment in partition from asserting his right under the mortgage. Owners of the equity. of redemption may have partition among themselves, but mortgage and judgment creditors can not be compelled to join in it. (Wotten v. Copeland, 7 Johns. Ch. 140 ; Sebring v. Mersereau, Hopkins, 501.) Our statute is silent as to making mortgagees parties to a proceeding for partition.

If McCune and VanDeventer are not parties to this suit, and should have been made so, they will not be affected by it, and they have no right to appear here and raise objections. It is remarkable they did not have themselves made parties, as they might have done under the sixth section of the act concerning mortgages.

The decree of the court below is inconsistent with itself, as it subjects the interest of Alexander Moore in those claim-

ing under R. N. Moore to sale, and exempts from contribution that portion of Alexander Moore's interest which is in the plaintiff. The court does not find that there was any equity existing as between R. N. and Alexander Moore, which would subject R. N. Moore's interest alone to the satisfaction of the entire debt as against a purchaser of R. N. Moore's interest. The mortgage subjected the entire interest of R. N. and A. Moore to the payment of the debt. Why should a purchaser of R. N. Moore's interest be compelled to pay the entire debt? The facts in relation to this matter are not found, nor is any thing said in relation to notice of any equity. It does not appear that the decree is based on the circumstance that Alexander Moore was the endorser of the note—a matter about which no opinion is ventured, as it was not discussed in the argument.

If the interest which R. N. Moore originally mortgaged is alone liable for the mortgage debt, it is a matter of no importance in this suit that interests subsequently acquired by those who hold Moore's original interest are likewise subjected to the payment of the mortgage debt, as it appears that the original interest itself greatly exceeds in value the amount of that debt. If the original interest had been insufficient to pay the debt, the injustice of subjecting the after acquired interest would be apparent. The error is entirely a formal one, not at all affecting the rights of the parties. Reversed and remanded, the other judges concurring.

RICHARDSON, Judge. In my opinion, the form of the note *prima facie* indicated the character of the relation of the parties to it, and if R. N. Moore was the principal debtor it would not be inequitable to charge the whole debt on his interest. But if any portion of A. Moore's interest is subjected to the mortgage, the whole interest should be, and the burden ought not to be cast on McCune and VanDeventer, who own only a small part of it. The judgment is inconsistent with the theory on which the cause was decided; and as

there is nothing in the record to show the value of the interest of McCune and VanDeventer acquired, from R. N. Moore's estate, which he owned at the date of the mortgage, the judgment should be reversed because it is not confined to that interest. I give no opinion on the other points noticed in the opinion of the majority of the court.