Yates v. Johnson.

YATES v. JOHNSON *et al., Appellants.*

1. **Deed of Trust** : PARTITION : PARTIES. *Semble* that a trustee and *cestui que trust* in a deed of trust given on land to secure the payment of a debt are proper parties in a suit for the partition of the premises.

2. **Judgment** : COLLATERAL ATTACK. Where a court has jurisdiction of the parties and the subject-matter, its judgment is not open to collateral attack.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*John Edwards* for appellant.

(1) The instructions numbered one and two, asked

by the appellants and refused by the court should have been given. The record of the partition suit was conclusive against the plaintiff, Mary Yates. All her right, title and interest in the land was set up and adjudicated in that suit. The court had jurisdiction to settle the title and conflicting rights of all the parties. She appeared to the action and the court found in the judgment of partition that she was duly notified. Her petition for review was decided against her. She expressly admits in her petition for review that she was notified. By the judgment in partition, therefore, the title of the land in controversy became *res adjudicata*, as between her and Robert B. Murray, and Solomon Fist, they being parties in the partition suit and in the suit at bar, and the record of the partition suit is, in the ejectment suit, a complete estoppel as to the title of Mary Yates. W. S., ch. 104, secs. 11, 12, 52; *Forder v. Davis*, 38 Mo. 107; *Owsley et al. v. Heirs of Smith*, 14 Mo. 153; *Pentz v. Kuester*, 41 Mo. 447; *Doolitile v. Don Maus*, 34 Ill. 547; Freeman on Judgments (2 Ed.) secs. 304, 305; *Godfrey v. Godfrey*, 17 Ind. 6; *Ervin v. Brady*, 48 Mo. 560; *Whittemore v. Shaw*, 8. N. H. 393; *Hancock v. Lopez*, 53 Cal. 251; *Jenkins v. Tahey*, 73 N. Y. 355; *Latrille v. Dorleque*, 35 Mo. 230; *Bailey et al. v. Mc-Ginniss et al.*, 57 Mo. 362; *Mulford v. Stalzenback*, 46 Ill. 303; *Cook v. Allen*, 2 Mass. 464; *Morenhout v. Higuera*, 32 Cal. 290. (2) Mary Yates, *cestui que trust*, and George W. Lewis, trustee in the deed of trust, were proper parties in the suit in partition, and the sale in partition discharged the lien of her deed of trust, her dower and her thirteenth interest in the land purchased of Samuel P. Yates. The law required her interest to be set up and adjudicated. 2 Wagner's Stat., chap. 104, secs. 3 and 4, p. 967, in force when the decree was rendered. *Reinhardt et al. v. Wendeck et al.*, 40 Mo. 577; *Bank v. Girard Ins. and Trust Co.*, 7 Am. Law Register (N. S.) 467; *Browne v. Browne*, 1 P. A.

Yates v. Johnson.

Browne's Rep. 97. (3) It is wholly immaterial in this action whether Mary Yates was allotted the full amount which she desired to realize out of her interest in the land in controversy or not. The circuit court had jurisdiction of the subject-matter in the partition suit and she was duly and legally notified of the pendency of the suit. This being a different action, she cannot collaterally attack the judgment and sale in partition. *Waddingham et al. v. Gamble*, 4 Mo. 465 ; *Murphy v. Williamson*, 85 Ill. 149 ; *O'Reilly et al. v. Nicholson et al.*, 45 Mo. 160 ; *Kane v. McCown*, 55 Mo. 181 ; *Gates v. Salmon*, 35 Cal. 576.

*William Heren* for respondent.

(1) The purchasers at the partition sale bought subject to all existing liens. *Stephens v. Ellis*, 65 Mo. 456 ; *Schneider v. Staihr*, 20 Mo. 267. (2) The partition suit and sale thereunder did not affect the right of Mary Yates to foreclose the deed of trust and thereby procure a good title to her interest in the land. A mortgagee is not compelled to join in a partition of the land. *Hull v. Lyon*, 27 Mo. 570 ; *Watton v. Copeland*, 7 John. Ch. 140 ; *Sebring v. Mersereau*, Hopkins, 501 ; 1 Jones on Mortgages, secs. 705, *et seq.*; *Narcross v. Narcross*, 105 Mass. 265. (3) The court had no jurisdiction to decree the sale of the land in the partition suit except subject to the deed of trust.

BLACK, J.—This is an action of ejectment for the undivided five-thirteenths of certain lands in Gentry county. The parties all claim through Solomon Yates, who died intestate leaving the plaintiff, as his widow, and thirteen children. The plaintiff acquired the interest in dispute by purchase from five of the children. On the fourth of April, 1870, she conveyed the same and her dower estate in the whole of the lands to Henry and George Willis, who on the same day conveyed same

to Lewis in trust to secure their note of that date for six hundred dollars payable to plaintiff. Default was made in the payment of the note and the trustee sold the property on September 19, 1874, and plaintiff became the purchaser. This is her title.

Robert B. Murry and wife, in the right of the wife, acquired a one-thirteenth interest from one of the heirs, and began proceedings for the partition of the land on January 19, 1872. The defendants claim title through a sale made in March, 1873, by virtue of a judgment therein. The plaintiff contends that those proceedings have no binding force upon her as mortgagee and purchaser under the deed of trust. The partition suit, it will be seen, was commenced after Mary Yates, the plaintiff here, conveyed the five-thirteenths and dower to Willis and Willis. Her position then, and at the time the order of sale was made, was that of mortgagee. The trustee, Mary Yates as beneficiary, and Willis and Willis, were made defendants, and their interests, as before stated, were fully set forth in the petition for partition. She was notified by publication, and the other defendants were duly brought into court. In the judgment which was rendered in September, 1872, the interests of all these parties were found as detailed in the petition, and because the premises were not susceptible of division in kind they were, including the dower, ordered to be sold. The proceeds of the sale going to Willis and Willis were ordered to be held by the sheriff subject to the payment of the note to Mary Yates and interest thereon. In 1875 Mary Yates appeared and filed her motion to set aside the judgment and sale made thereunder, which was overruled; and on the same day the sheriff made report upon which a final order of distribution was made. Subsequently, she prosecuted a petition for review, which was dismissed on full hearing. These judgments are in full force.

Our statute is broad and comprehensive as to what

estates may be partitioned.    Every person having an in-
terest in the premises, whether in possession or otherwise,
shall be made a party.    Adverse claims to the same
share may be adjudicated.    It is made the duty of the
court to declare the rights, titles and interests of the
parties to such proceedings, petitioners as well as de-
fendants, and determine such rights and give judgment
that partition be made between such of them as shall
have any right thereto.    The petition should describe
the interest of every person who upon any contingency
may be or become entitled to any beneficial interest in
the premises.    Chap. 104, Wag, Stat., secs. 1 to 14.

It was held in *Wotten v. Copeland,* 7 Johns. Ch.
140, which was a bill for partition, that mortgagees and
judgment creditors could not be compelled to join in par-
tition.    This principle was recognized, it is true, in
*Schneider v Staihr,* 20 Mo. 270 and *Hull v. Lyon,* 27
Mo. 570.    But in the first of these cases the mortgagee
was not a party to the partition suit, and in the other it
was said if the mortgagee is a party and sets up his mort-
gage and an issue is made as to it, the adjudication on
that issue will bind him.    Later, and in *Reinhardt v.
Wendeck,* 40 Mo. 578, it was held that the trustee and
beneficiary in a deed of trust to secure the payment of a
debt had a direct interest in the premises under these pro-
visions of the law with respect to partition, and that it was
not a misjoinder to make them parties.    And so it is
held in the state of Illinois, under a statute similar, if not
identical, with that of this state.    *Loomis v. Riley,* 24
Ill. 307.    But without pursuing this inquiry any further
it is enough to say that the court had jurisdiction of the
parties, and jurisdiction of the entire subject-matter.
The judgment did determine the plaintiff's rights as
mortgagee and the order of sale was so framed as to give
the purchaser a title, free from the incumbrance.    No
objections by answer, or otherwise, were made to that
disposition of the mortgage.    The mortgagee could have

appealed or prosecuted a writ of error after the final order of distribution, if not satisfied with the disposition of the cause. This has not been done. The judgment cannot be questioned in this collateral proceeding. It is binding and effectual upon all of the parties to that proceeding, and persons claiming under them. *Forder v. Davis*, 38 Mo. 108; *Pentz v. Kuester*, 41 Mo. 447; *Gray v. Bowles*, 74 Mo. 419. The defendants' second instruction should have been given.

The judgment is reversed, and as plaintiff is concluded by the partition proceedings, the cause will not be remanded. The other judges concur.