# TEXAS SUPREME COURT REPORTS.

## AUSTIN TERM, 1889.

### L. B. HARRIS v. W. C. DAUGHERTY.

#### No. 6137.

1. **Citation by Publication.**—Such service after an attachment has been levied is sufficient to give the court jurisdiction to proceed to render a judgment which in legal effect subjected the property attached to the payment of the debt sued upon.

2. **Same—Statement of Facts.**—A recital of the facts in the judgment rendered upon service by publication was a sufficient compliance with the former statute (Pasch. Dig., art. 1488), requiring that a statement of the facts be made out and filed.

3. **Same—Attorneys to Represent Unknown Defendants.**—Before the Revised Statutes were enacted it was only where unknown heirs were cited by publication that it was required that an attorney be appointed by the court to represent the defendant.

4. **Attachment—Presumption.**—A writ of attachment regular on its face after it has been the basis of a sale is presumed to have been regularly issued.

5. **Attachment Lien.**—Before the Revised Statutes it was not necessary that an order of sale be made in the judgment in order to preserve the attachment lien, and in the absence of something in the judgment showing that the attachment had been abandoned the lien continued in force and held the property subject to the judgment.

6. **Attorney at Law — Privileged Communications.**— An attorney was employed to write a transfer of a stock of cattle. Subsequently the instrument so prepared was the subject of litigation. The attorney was sworn as a witness. Objection was made to his testifying to the circumstances of the transfer written by him as privileged communications. *Held:*

   1. An attorney employed by two parties to prepare an instrument conveying property from one to the other is the attorney of both, and communications made by either at the time are privileged.

   2. But inasmuch as there was a conflict as to the employment by both, in which the attorney and one party testified to the employment and payment by one alone, while the other testified that he alone had employed and paid the attorney to whose testimony he was objecting, this court will not hold that the admission of his testimony was error.

7. **Fraud—Trust.**—An attaching creditor attacked a transfer by the defendant in attachment for fraud. It was competent to show by parol that the transfer was without consideration from the grantee, and was made in secret trust to secure certain creditors of the maker. The maker was insolvent at the time of the transfer and the transfer on its face was absolute.

8. **Immaterial Error in the Charge.**—The inadvertent use of the word *debtor* instead of *creditor* in the charge could not have resulted in harm. The mistake was manifest.

9. **Assignments of Error.**—"The court erred in giving special instructions 1, 2, 3, 4, and 5 asked by plaintiff," and "the court erred in refusing special charges 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 asked by appellant," are too general to be considered.

APPEAL from Wilson. Tried below before Hon. Geo. McCormick.
The opinion states the case.

*J. M. Eckford* and *Tarleton & Keller,* for appellant. —1.    Where service is had by publication on a non-resident defendant and no actual appearance is made the court acquires no jurisdiction to render a judgment *in personam.*    It can only acquire jurisdiction over such property as may be brought into court.    The court can not condemn the defendant personally even for the payment of costs; any such attempted personal judgment is *coram non judice.*    Waples on Att., pp. 7, 8, sec. 3; Id., pp. 335, 339, sec. 6; Pennoyer v. Neff, 95 U. S., 731–734; St. Clair v. Cox, 106 U. S., 350; Hawes' Jur. of Courts, p. 443, sec. 233, and authorities cited.

2.    A void judgment can not be the basis for a recovery in a trial of the right of property.    Freem. on Judg., sec. 117; Campbell v. McCahan, 41 Ill., 45; Roberts v. Stowers, 7 Bush., 295.

3.    Where a judgment *in personam* is sought and jurisdiction of the court over the defendant is only obtained by publication and he makes no appearance the statute must be strictly complied with to give such judgment vitality.    Rev. Stats., art. 1345; Thatcher v. Russell, 6 Wheat., 119; Ransom v. Williams, 2 Wall., 313.

4.    The court erred in admitting in evidence the attachment and return thereon.    Rev. Stats., arts. 152, 156; Waples on Att., 329–333.

5.    The witness Shook having acted as the attorney of both parties to the bill of sale for the cattle was incompetent on objection by either of them to testify attacking it.    Whitney v. Barney, 38 Barb., 393; Bank of Utica v. Mersereau, 3 Barb. Ch., 528–596; Yates v. Olmstead, 56 N.Y., 632; Britton v. Lorenz, 45 N. Y., 51; Bigler v. Reyber, 43 Ind., 112; McClellan v. Longfellow, 32 Me., 494; Johnson v. Sullivan, 23 Mo., 474; 1 Wait's Act. and Def., 468, 469; 1 Field's Law Briefs, 388, 389.

6.    That all testimony not responsive to the issues made by the pleadings is erroneously admitted, and a verdict upon such evidence can not be sustained.    Hampton v. Dean, 4 Texas, 455; Earl v. Thomas, 14 Texas, 583; Hutchins v. Masterson, 46 Texas, 551; Smith v. Montes, 11 Texas, 24; Markham v. Carothers, 47 Texas, 22; H. & T. C. Ry. Co. v. Terry, 42 Texas, 451.

7.    The only proof admissible under the issue joined in this cause was that tending to establish a collusive purpose between Slaughter and appellant to fraudulently hinder and delay the creditors of Slaughter.    Love v. Wyatt, 19 Texas, 312; Hill v. Crownover, 4 Texas, 8; Tinsley v. Carey, 26 Texas, 350; Yarborough v. Tate, 14 Texas, 483; Payne v. Francis, 37 Texas, 75.

8.    If a trust was intended by Slaughter for the benefit of one or more of his creditors in the bill of sale to appellant, the trust would not fail because of the default of the trustee, and trust funds or estate would not be subject to attachment at the instance of a single creditor seeking to subject the trust estate to his individual demand, and this though the

*cestui que trust* had no notice of such trust. Waples on Att., p. 154; La Belle Wagon Works v. Tidball, 59 Texas, 292; Hamilton, Brown & Co. v. East Texas Fire Ins. Co., 1 W. & W. Ct. App. C. C., sec. 448; Greenleve, Block & Co. v. Blum,. 59 Texas, 126; Schneider & Davis v. Sansom, 62 Texas, 201; R. L. & M. Works v. Kelley, 88 N. Y., 234; Jones on Mort., sec. 627; Miller v. Kirby, 74 Ill., 242–6; Wood v. Shaw, 29 Ill., 444; Bowden v. Bowden, 75 Ill., 143–7; Burr. on Ass., secs. 328–30, notes 1 and 2; 1 Benj. on Sales, p. 643, note 59.

9. In order to constitute the conveyance from Slaughter to Harris fraudulent and void it must have been intended by both to effect such purpose. If either made by Slaughter for benefit of his creditors or being fraudulently made by Slaughter to hinder and delay his creditors, but was received by Harris in good faith in payment of a bona fide debt due him, it would be a valid and legal transfer and not liable to the attachment of Slaughter's creditors. Benj. on Sales, sec. 739, note 59; Bump. on Fraud. Con., 544, and cases cited; King v. Russell, 40 Texas, 129; Collins v. Cook, 40 Texas, 238.

*Jno. A. & N. O. Green, Wœlder & Upson,* and *Jno. A. Green, Jr.,* for appellee. —1. The court did not err in admitting said judgment, because the same was rendered upon publication, jurisdiction having been obtained of the defendant Slaughter by the proceedings *in rem* in the said suit against J. H. Slaughter's property, and the judgment is valid. Pennoyer v. Neff, 95 U. S., 734; 1 W. & W. Con. C. C., sec. 129; Wrought Iron Range Co. v. Brooker, 2 W. & W. C. C., secs. 225, 228; Wilson v. Ziegler, 44 Texas, 657.

2. The judgment is binding between Daugherty and Slaughter and can not be attacked collaterally by claimant. Haley v. Villeneuve, 11 Texas, 619.

3. It was not necessary to show the bond and affidavit for attachment. It was the duty of the claimant to show that the writ of attachment was void. Latham v. Selkirk, 11 Texas, 314; Webb v. Mallard, 27 Texas, 80; Tillman v. McDonough, 2 W. & W. Ct. App. C. C., sec. 54; The Meader Co. v. Aringdale, 58 Texas, 450.

4. When an attorney is requested by his client to testify with reference to a transaction of business performed by the attorney for the client it is the duty of the attorney to testify thereto. Weeks on Att., sec. 143, pp. 259, 260; Steph. on Law of Ev., art. 115; 1 Greenl. on Ev., sec. 243; 1 Phill. on Ev., 163.

5. A judge and a jury must decide the preliminary question whether a communication is privileged or not. Weeks on Att., sec. 151, p. 281; Hull v. Lyon, 27 Mo., 570; Cleave v. Jones, 7 Ex., 421.

6. Shook was not acting as the legal adviser of Harris; his testimony was therefore admissible, and it was for the jury to attach that weight

they thought proper to his testimony. Flack's Admr. v. Neill, 26 Texas, 276; Slaven v. Wheeler, 58 Texas, 26; Henderson v. Terry, 62 Texas, 285.

7. An attorney making a communication between two parties is compellable by either to disclose it. Cheever v. Powell, 1 Mood. & Rob., 288; Braughe v. Cradock, Id., 182; 1 Phill. on Ev., 185; Henderson v. Terry, 62 Texas, 285.

8. The evidence of Slaughter and of Shook was admissible to prove fraud in making the bill of sale. Wait on Fraud. Con., secs. 205, 206; Seymour v. Wilson, 14 N. Y., 569, 570; Edwards v. Currier, 43 Me., 474; Wheelden v. Wilson, 44 Me., 1; Forbes v. Waller, 25 N. Y., 430; Miner v. Phillips, 42 Ill., 123.

9. The bill of sale being a secret trust giving the assignee full power to act as he saw fit and being made for the purpose of avoiding the payment of the debts and also reserving a benefit to the maker of the conveyance, of all of which the assignee had notice, is fraudulent in law, it matters not what may have been the intention of the assignor or vendor. 2 Perry on Trusts, secs, 590–2; Miller & English v. Jannett & Franke, 63 Texas, 82; Traylor v. Townsend, 61 Texas, 144; Humphries v. Freeman, 22 Texas, 45; 15 Texas, 188; 24 Texas, 518; 28 Texas, 759; 54 Texas, 27.

GAINES, ASSOCIATE JUSTICE.—This was a proceeding to try the rights of property in certain cattle and horses levied upon by virtue of a writ of attachment in favor of appellee against the property of John H. Slaughter and claimed by appellant. The claimant Harris alleged title to the property by virtue of a bill of sale executed to him by Slaughter before the levy of the writ. The plaintiff in the writ, who is also styled plaintiff in this proceeding, attacked the bill of sale upon the ground that it was made to hinder, delay, and defraud the creditors of the seller.

When this cause came on for trial the original suit of Daugherty against Harris had been determined and had resulted in a judgment in favor of the plaintiff. During the progress of the trial of the present suit plaintiff Daugherty offered in evidence that judgment, to which the defendant objected on the grounds, first, that it was a personal judgment, and that judgment had been rendered upon citation by publication and there had been no appearance by the defendant; and second, that no statement of facts was incorporated into the record and no attorney appointed to represent the absent defendant. The objections were overruled and the judgment admitted in evidence, and this ruling of the court is made the ground of the first assignment of error. The suit of Daugherty v. Slaughter was originally instituted to foreclose a mortgage, and during its progress the attachment was sued out, which was levied upon the property in controversy. Without entering into any other question we deem it sufficient to say that the service by publication was

sufficient to give the court jurisdiction to proceed to render a judgment which in legal effect subjected the property attached to the payment of the debt sued upon.

The judgment was rendered on the 8th day of January, 1879, and embraced a recital of the evidence upon which it was rendered. This was a compliance with the law as it then existed. Pasch. Dig., art. 1488; Hill v. Baylor, 23 Texas, 261; Davis v. Davis, 24 Texas, 187. Before the Revised Statutes it was only in cases in which unknown heirs were cited by publication that the court was required to appoint an attorney to represent the absent defendants. Pasch. Dig., arts. 1488, 5460. We hold that in this case the law was complied with without deciding that a failure to comply in the particulars complained of would have rendered the judgment void for all purposes.

The plaintiff also offered in evidence the writ of attachment, which was also objected to by the defendant. The evidence was admitted and the ruling is assigned as error. The grounds of objection were that the affidavit and bond for attachment were not produced and that the judgment did not condemn the property attached.

We think it was not incumbent upon plaintiff. to show a proper bond and affidavit before offering the writ. A writ of attachment regular upon its face is presumed in a case like this to have been properly issued.

In Wallace v. Bogel, 66 Texas, 572, it is held that before the adoption of the Revised Statutes in order to give effect to the lien of an attachment it was not necessary that the judgment should expressly recognize or enforce the lien, and that in the absence of something in the judgment showing that the attachment had been abandoned the lien continued in force and held the property subject to the payment of such indebtedness as the judgment should show to exist. Therefore the lien of the attachment was not waived by a failure to make an order in the judgment for the condemnation of the property attached, or by the failure therein to recognize the existence of the attachment. There was no dissolution of the writ or express waiver of the lien. The judgment was sufficient to subject the property attached to its payment if subject to be seized as the property of the defendant in the writ.

The third assignment is that "the court erred in permitting John R. Shook, Esq., to be examined as a witness by the plaintiff over the objection of the defendant, because said Shook had been of counsel for the defendant in this very suit, and in respect to the subject matter thereof and as counsel for both vendor and purchaser had drawn the bill of sale under which defendant claimed this property."

The bill of exceptions shows that the attorney whose testimony was sought to be excluded drew the bill of sale, the validity of which is the subject of controversy in this suit—the seller and purchaser both being present—and that after this proceeding was instituted Shook was em-

ployéd by appellant to represent him in the suit. It further appears, however, that Shook accepted the employment believing that it would not conflict with the interest of Slaughter, the seller, for whom he considered himself retained, and that a conflict of interest having been developed he was discharged by appellant and was paid for his sevices in this proceeding. As we understand the rule, the employment of the attorney in this suit would not exempt him from testifying to any communication made to him by appellant previous to that employment. He was called to testify as to the understanding of the parties at the time the bill of sale was executed, and it follows that unless his testimony was privileged by reason of his relation to appellant as it existed at that time his subsequent employment did not disqualify him.

This latter is a question of more difficulty. Preliminary to the court's ruling upon the evidence Shook was examined upon his *voire dire* and testified in substance that in drawing the bill of sale and in the consultation which led to it he acted as the attorney solely of Slaughter; that he had been his general attorney before and had continued his attorney ever since, and that before the trial of the case he had received a letter from Slaughter expressly waiving his privilege and consenting that the witness should make a full disclosure of the facts attending the transaction.

Before the ruling Harris was also examined concerning the question of privilege and testified in effect that he and Slaughter went together to Shook and that he asked Shook to draw the bill of sale and subsequently paid him for it. The rule is that if the witness is the attorney of both parties in a transaction of this character the communications made to him in course of business are privileged except in a controversy between the parties themselves. Warde v. Warde, 2 Macn. & G., 365; Whitney v. Barney, 30 N. Y., 330; Britotn v. Lorenz, 45 N. Y., 51; Rice v. Rice, 14 B. Mon., 417. It was held, however, in Britton v. Lorenz, *supra,* that the assignees of one of the parties stood in the place of the assignor and that as between them and the other party to the transaction the communication was not privileged. Whether the plaintiff as an attaching creditor of Slaughter, attacking the conveyance of the property which was transferred by the bill of sale, is to be deemed as standing in the place of Slaughter is a question we need not determine in this case. We are of opinion that if Shook acted solely as the attorney of Slaughter in the transaction the privilege of secrecy did not extend to Harris.

To make the communication privileged as to Harris he should have been Harris' attorney. Earle v. Grant, 46 Vt., 113. Upon the question whether he was such attorney or not the evidence was conflicting, and the inquiry being as to the admissibility of the evidence it was a matter for the court to determine. Cleave v. Jones, 21 L. J. Ex., 105; Hull v. Lyon, 27 Mo., 570; Shars. Starkie on Ev., 700; 1 Greenl. on Ev., 14 ed., sec. 49, and notes. Upon a direct conflict of evidence, such as is pre-

sented in this case, the decision of the trial judge must be deemed conclusive. The evidence shown by the statement of facts upon this matter makes a still stronger case for appellee. Shook was subsequently corroborated in his version of the transaction by Slaughter, who testified to the effect that he alone employed Shook. The nature of the transaction as testified to by both Shook and Slaughter tends to strengthen their testimony as to Shook's employment. They both testified that Harris paid nothing for the property and that the transaction was made solely for the protection of such creditors as had just claims against Slaughter. If such were the facts it is hardly probable that Harris would have gone to the expense of employing counsel to represent him in the transaction.

The instrument under which Harris claimed the property in controversy was an ordinary bill of sale. The plaintiff was permitted to introduce testimony over the objection of the defendant to the effect that defendant neither paid nor promised to pay anything for the property, and that the bill of sale was made for the purpose of securing certain of Slaughter's creditors. There are several assignments of error which relate to the court's ruling in admitting this testimony. It is insisted in support of these assignments that the evidence was not admissible because it tended to vary the terms of a written contract. But it is elementary law that parol evidence is admissible to show that a conveyance absolute upon its face is made upon trusts, or that it was made to hinder, delay, or defraud creditors. But it is further insisted that the testimony was inadmissible because it did not tend to support the issue tendered by the plaintiff. In his pleadings plaintiff attacked the bill of sale upon the ground that it was fraudulent as to Slaughter's creditors, and counsel urge that the evidence tended to show a bona fide transfer made in trust for his creditors. It is true that neither Slaughter nor Shook testified that the instrument was made for the purpose of defrauding the creditors of the former. But they did testify to the effect that large claims were brought against Slaughter which he thought unjust and which he wished to avoid paying, and that the bill of sale was made to Harris for the purpose of appropriating the property to the payment of such debts as were considered just. If such were the fact, the conveyance being absolute upon its face was an assignment upon verbal trusts.

In Caton v. Moseley, 25 Texas, 375, the court say: "It may be considered well settled that every valid assignment must declare the uses to which the property assigned is to be applied and must settle the rights of creditors under it, and not leave to the assignee or reserve to the assignor himself the right of subsequently doing so." The testimony clearly tended to support the issues made in the case and it was not error to admit it. It was shown that Slaughter was insolvent at the date of the bill of sale. This is sufficient to dispose of appellant's assignments from the fourth to the eleventh, inclusive.

We see nothing in the matter complained of in the twelfth assignment of error which could have operated to the prejudice of appellant. In his charge to the jury, in stating the issues the judge by evident inadvertence used this language: "The defendant also denies that Slaughter was a creditor of said Daugherty at the time Slaughter transferred the property to him." The court meant to use the word "debtor" instead of "creditor." It is evident no harm could have resulted from the mistake.

The thirteenth assignment complains of certain portions of the general charge of the court upon the ground that there was no evidence to support them. The instructions referred to tell the jury in effect that if the bill of sale was made with the intent to hinder, delay, or defraud the creditors of Slaughter they should find for the plaintiff. From what we have already said in reference to the testimony of Slaughter and Shook it is apparent there was evidence sufficient to authorize the judge to submit the question of fraud to the jury.

The fourteenth assignment of error is as follows: "The court erred in giving special instructions 1, 2, 3, 4, and 5 asked by plaintiff;" and the fifteenth is: "The court erred in refusing special charges 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 asked by apellant." These assignments are too general to be considered. Railway Co. v. Redeker, 67 Texas, 181.

The sixteenth assignment, that "the court erred in refusing to grant defendant a new trial," is also too general.

There being no error in the judgment pointed out by proper assignments it is affirmed.

*Affirmed.*

Delivered May 10, 1889.

Motion for rehearing overruled.

*Eckford* and *Walton, Hill & Walton,* for motion.