E. DOMINGUEZ, *Plaintiff in Error, v.* THE CITIZENS BANK & TRUST COMPANY, *Defendant in Error.*

1. When an attorney represents both or all the parties to a transaction, conversations and transaction between such parties in the presence of the attorney are not privileged communications, and such attorney may be required to testify to such conversations and communications, but where one of the parties went alone to such attorney because he was his retained attorney and made statements to him, in the absence of the other party, which were apparently confidential, he should not be permitted to testify as to such statements.

2. Where a new trial is granted and there is such a conflict in the evidence that this court cannot say the trial judge abused his discretion in granting such new trial, his ruling will not be disturbed.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*MacFarlane & Chancey,* for Plaintiff in Error;

*F. M. Simonton,* for Defendant in Error.

HOCKER, J.—Plaintiff in error sued defendant in error in the Circuit Court of Hillsborough County to recover $1,000.00, which the plaintiff alleges he deposited with defendant bank on the 22nd of September, 1910. The bank denied indebtedness, and in May, 1911, a trial was had, resulting in a verdict for plaintiff for $900.00, with interest at 8 per cent from the commencement of the suit. A motion for a new trial was made on nine grounds, the substance of which may be stated to be that the verdict was contrary to the law, the evidence and the weight of evidence; that there is no *credible* testimony on which the verdict can be sustained, and that the court erred in not permitting E. R. Gunby to testify that the plaintiff stated to him that the $900.00, claimed as having been deposited, consisted of a certain check for $800.00 on a bank at Tarpon Springs, which fact the defendant was prepared to rebut.

As to the last assignment it appears that when Gunby was introduced as a witness by defendant the jury were withdrawn, and the facts were all presented to the court in their absence. Mr. Gunby stated in substance that the plaintiff came to consult him about the difference with the bank; that he was at that time plaintiff's attorney; that he told plaintiff he could not represent him, as he was also attorney for the bank; that he would endeavor to adjust the matter and obtain a settlement; that he must bring Gunby his books, and if he was convinced

the bank was in error he would advise it to settle with plaintiff; that under these circumstances plaintiff brought his books to witness, and witness went through them, and endeavored to place the matter in its true light before Dominguez; that before he allowed plaintiff to talk to him he informed plaintiff he was attorney for the bank and could not represent him; that he told the defendant's attorney he could not testify as to what plaintiff told him because at that time the relation of attorney and client also existed between him and the plaintiff.

Mr. Gunby objected to testifying.

Mr. Dominguez had on cross-examination been examined as to his consulting Mr. Gunby. He had said he went to Gunby and consulted him as his own lawyer, and showed him his book, at his request, and after this Mr. Gunby told him he could not represent him. He said he had no recollection that Mr. Gunby asked him what the $900.00 deposit consisted of. Under these circumstances the court declined to permit Mr. Gunby to testify.

It is doubtless the law that where an attorney represents both, or all the parties in a transaction, that conversations and transactions between such parties in the presence of the attorney and each other are not privileged conversations; but such attorney may be required to testify to such conversations and communications, but we think the better rule is that where the facts are such as they here appear to be, *viz.*, that plaintiff went alone to see Mr. Gunby, as he says he did, because he was his retained attorney, and made statements to him in the absence of the other party, and which were apparently confidential, the trial judge committed no error in refusing to allow Mr. Gunby to testify. Goodwin Gas Stove & Meter Co., Appeal of 117 Pa. St. 514, 12 Atl. Rep. 736, 2

Am. St. Rep. 696; Harris v. Daugherty, 74 Tex. 1, 11 S. W. Rep. 921, 15 Am. St. Rep. 812.

In the case of Murphy v. Waterhouse, 113 Cal. 467, 45 Pac. Rep. 267, 54 Am. St. Rep. 365, it is said: "If an attorney is acting as agent for both parties to a negotiation, or if they are negotiating with each other in the presence of the attorney of one of them, the communications made in the presence of all the parties are not privileged as between themselves." It is apparent that Mr. Gunby did not act in this matter as the attorney for both parties. We repeat that upon this question in our opinion the trial judge clearly ruled correctly. Upon all other questions presented, as there was a conflict in the evidence, we cannot affirmatively assert that the trial judge abused his discretion in granting a new trial. Hobbs v. Cheyney, decided this term.

The order granting a new trial is affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J. and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.