**Joe Lee McPHAIL et al., Appellants,**

**v.**

**Opal Zimmerman TOWNS, Appellee.**

**No. 7284.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 18, 1971.

R. W. Cowart, Bay City, Frank W. Stevens, Angleton, Henry P. Giessel, Houston, for appellants.

Whitworth & Whitworth, Jasper, E. Ward Jones, Jr., Livingston, for appellee.

STEPHENSON, Justice.

This is an action brought for the primary purpose of having a deed cancelled and declared to be a mortgage. Trial was by jury, and judgment was rendered for plaintiffs upon the verdict. Such judgment found the deed to be a mortgage securing an indebtedness in the amount of $1,736.53, and ordered the cloud on plaintiff's title be removed upon payment of such money to defendants. The parties will be referred to as they were in the trial court.

Opal Zimmerman Towns brought this suit individually and as the survivor of the community estate of herself and her deceased husband, Joe Lynn Towns, against Joe Lee McPhail and his wife, Joan Anderson McPhail. The uncontroverted evidence shows: Plaintiff and her deceased husband were the owners of 600 acres, more or less, in Polk County, Texas, which they were occupying as their homestead. September 25, 1957, they executed the deed in question in this suit to the defendants, conveying 200 acres of land out of the 600 acre tract. Joe Lee McPhail was the nephew of Joe Lynn Towns. Joe Lynn Towns died *March 6, 1962*. The deed in question was filed for record May 19, 1962. This suit was filed October 1, 1962.

This case was submitted to the jury upon these two special issues:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the instrument of September 25, 1957, in the form of a deed from Joe Lynn Towns and Opal Zimmerman Towns to Joe Lee McPhail and Joan Anderson McPhail, was intended by the said Joe Lynn Towns, Opal Zimmerman Towns, Joe Lee McPhail and Joan Anderson McPhail, at the time of its execution and delivery, as a lien or mortgage to secure the repayment of money to be loaned to the said Joe Lynn Towns

and Opal Zimmerman Towns, or either of them, by the said Joe Lee McPhail and Joan Anderson McPhail, or either of them, for the purpose of paying annual installments on a Note to the Federal Land Bank of Houston and other purposes?

"Answer 'Yes' or 'No'

"Answer: Yes

"If you have answered Special Issue No. 1, 'Yes', and only in that event, then answer the following:

"SPECIAL ISSUE NO. 2

"From a preponderance of the evidence, what amount of money, if any, do you find that Joe Lee McPhail and Joan Anderson McPhail, or either of them, loaned to Joe Lynn Towns and Opal Zimmerman Towns, or either of them, if you have so found, for the purpose of paying annual installments on a Note to the Federal Land Bank of Houston and other purposes?

"Answer in dollars and cents.

"Answer $1,736.53"

Defendants have points of error that there was no evidence and insufficient evidence to support the jury's answer to Special Issue No. 1. We pass upon the "no evidence" point by considering only the evidence favorable to such finding, and the entire record in considering the "insufficiency" point.

The evidence favorable to the jury finding included the following: In 1955 plaintiff and her husband Joe Lynn Towns, borrowed $7,600.00 from the Federal Land Bank of Houston and executed a note and deed of trust covering 435.5 acres of land including the 200 acres involved in this suit. Such note provided for annual payments in the amount of $562.91 with the first installment due in October, 1955. In 1957, plaintiff and her husband were in strained financial conditions and needed a loan in order to make the October, 1957 payment.

There was a close relationship between them and their nephew, Joe Lee McPhail, and he offered to assist them. Joe Lee McPhail advanced the money to make such payment and on September 25, 1957, they executed the deed in question at the insistence of Joe Lee McPhail. They intended the deed as a mortgage to secure the payment of the money advanced to them. It was agreed this deed was not to be placed of record. The money was deposited into Joe Lynn Towns' account and a check written October 1, 1957, to pay the Federal Land Bank installment. Joe Lee McPhail let them have the money to pay the October 1, 1958 installment, but told them that he could not make any additional loans. Plaintiff and Joe Lynn Towns made the remaining note payments during his lifetime and to the date of trial. Following Joe Lynn Towns' death in March, 1962, Joe Lee McPhail let plaintiff have some additional money for the funeral bill, taxes and other purposes making a total amount of $1,736.-53 that he had advanced. This money had not been repaid. Plaintiff and Joe Lynn Towns continued to use the 200 acres and to pay the taxes on such land. McPhail did not render such land for taxes.

P. R. Rowe, an attorney representing plaintiff in some tax matters, at plaintiff's request asked Joe Lee McPhail for a statement of the amount owed him. Joe Lee McPhail acknowledged to Rowe that the deed was intended as a mortgage to secure the money owed to him. McPhail told Rowe he would bring the unrecorded deed to Rowe to keep, but several days later McPhail had the deed recorded.

After Joe Lynn Towns' death, Joe Lee McPhail told Bryan David that he let plaintiff and husband have the money to make two payments to the Federal Land Bank for which he had been given a mortgage on 200 acres of land. Joe Lynn Towns told Bryan David he had given Joe Lee McPhail a piece of paper and hoped he could repay him the money and get the piece of paper back.

Sidney Adams qualified as an expert witness and testified that the value of the 200 acres of land involved was $75.00 per acre in September, 1957 and $125.00 per acre in May, 1962.

All of this evidence supported the answer of the jury to Special Issue No. 1 which included a finding that all of the parties intended the deed to be a mortgage and also included, in effect, the finding that the debtor-creditor relationship existed between the parties. Evidence offered by defendant did not more than raise an issue for the jury to determine. If the law in this state requires proof of the issue involved here in a clear and convincing manner, then we have concluded the evidence in this case is clear and convincing. These points are overruled.

■ Defendant has a point of error urging the four year statute of limitations and laches as defenses. Defendant requested the submission of a special issue inquiring whether or not plaintiff and Joe Lynn Towns were put on notice prior to four years before the filing of this suit that Joe Lee McPhail could no longer help make payments to the Federal Land Bank. The trial court refused to submit such issue. These points are overruled.

It is agreed that defendants put plaintiff and Joe Lynn Towns on notice that they would not be able to advance any more money after the October 1, 1958 payment to the Federal Land Bank. It is also agreed that such action took place more than four years before this suit was filed; but such stipulation by plaintiff does not permit defendants to reach their desired conclusion. The inability to make further loans does not constitute a repudiation of the loans already made. There is no evidence in this record that defendants put plaintiff or Joe Lynn Towns on notice that they were claiming the 200 acres as their own under the instrument of September 25, 1957. Plaintiff testified she knew nothing of such a claim until Joe Lee McPhail recorded the instrument May 19, 1962, which was a little

more than four months before this suit was filed.

Defendants objected to the testimony of P. R. Rowe, as set out above, on the ground that any communication between Rowe and McPhail was privileged because of the attorney-client relationship. This was a question for the trial court to determine and the rule in this state is clear that upon conflicting evidence, the decision of the trial court is conclusive. Harris v. Daugherty, 74 Tex. 1, 11 S.W. 921 (1889). We find no abuse of discretion on the part of the trial court in allowing such evidence to be given.

We have carefully examined the remaining points of error, and finding no error, they are overruled.

Affirmed.