GEORGE REINHARDT, ALBERT REINHARDT, JOHAN OTTO REINHARDT, and CAROLINE REINHARDT, by HENRY WILKE, their Guardian, Appellants, v. MARTIN WENDECK, ROBERT A. BAKEWELL, and FERDINAND PROVENCHERE, Respondents.

*Practice—Parties—Partition.*—In a suit for partition of land, the trustee and *cestui que trust* in a deed conveying a part of the premises are properly made parties for the purpose of binding their interest although no relief be prayed against them.—Alexander v. Warrance, 17 Mo. 228, commented upon and explained.

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish,* for appellants.

I. The demurrer was sustained in the court below on the doctrine of Hill v. Martin, 28 Mo. 78.

II. The defendants' possession is not adverse, but is only in right of his curtesy—Blakely v. Calder, 13 How. 477.

III. Tenantcy by the curtesy is a life estate and similar to

dower in its character; and under § 1, R. C. 1865, p. 617, partition is authorized.

*J. A. Beal,* for respondents.

There is a misjoinder of actions and of parties. The suit seeks to divide a tract of land among the heirs of George Reinhardt, and also asks the court to ascertain the interest of Martin Wendeck in the property as tenant by curtesy, and to apyly the interest of Martin Wendeck to the payment of a deed of trust in favor of Provenchere. This is jointly two separate causes of action. In the first place, it seeks to adjust the title of the heirs of George Reinhardt to the tract of land which is a cause of action between the heirs. In the second place, the petition seeks to adjust and settle the rights of Martin Wendeck as a debtor, in a deed of trust given by him and his wife on the property. There is not the least connection between the action for partition and the action for marshalling of assets and payment of the debts of Wendeck and wife. In the third place, the partition seeks to compel Provenchere to release his right to sell the land under the deed of trust, and resort to the part of the funds that the sale of Wendeck's curtesy might bring in a partition sale. This would have the effect of destroying the security and lien of Provenchere on the fee simple of the real estate and accept a less estate. This cause of action is separate from the others, and, not growing out of the same transaction, cannot be joined; therefore the petition is multifarious in joining separate and distinct causes of action in nowise connected, and cannot be done, according to the repeated decisions of this court—25 Mo. 357; 26 Mo. 186.

The test is whether one judgment in favor of one plaintiff against one defendant can be rendered. In this case there would require separate judgments in favor of plaintiff against one defendant, and one judgment in favor of one defendant against another defendant—11 Mo. 267; 9 Mo. 273; 17 Mo. 228; 26 Mo. 72.

By the statement of petition, Wendeck is a tenant by

curtesy of the lands sought to be sold, and of course he has a right to the possession of the property under the curtesy, and has a legal estate. The plaintiffs have no right to immediate possession; their right is in abeyance, and to come into enjoyment after the death of Wendeck. It would divest Wendeck of the legal estate and possession to sell the property and divide the money; the curtesy would be valueless. This court has decided that a tenant by curtesy has a legal estate, and that heirs cannot sue him by partition—Alexander v. Warrance, 17 Mo. 228.

In partition suits parties must show a legal title as contradistinguished from an equitable one—7 Mo. 356, 6.

WAGNER, Judge, delivered the opinion of the court.

This was a suit for partition, and asking for a sale of the premises on the ground that they were not susceptible of division without prejudice to the parties.

The petition alleged that Wendeck was tenant by the curtesy of four-fifths of the real estate, and that during his marriage he and his deceased wife executed a deed of trust on the same, by which they conveyed their interest in the property to Bakewell as trustee to secure the payment of certain notes, described in the said deed, to Provenchere. The trustee and *cestui que trust* were both made parties, but no judgment was asked against them. There was an allegation that the money for which the notes were given was received by Wendeck and appropriated to himself, and a prayer that that such portion of the proceeds of sale as might be assigned and set off to Wendeck, as for his interest as tenant by the curtesy, might be applied so far as the same would extend to the payment of the notes. The court sustained a demurrer to the petition.

The statute makes provision for the partition of lands where they are held in joint tenancy, tenancy in common or coparcenary, including also estates in fee, for life or for years, tenancy by the curtesy and in dower; and it is required that every person having any interest in such prem-

ises, whether in possession or otherwise, shall be made a party to the petition. The trustee and *cestui que trust* were made parties because they had a direct interest in the premises and for the purpose of binding their interest; no affirmative relief was asked for or against them. Making them parties was not a misjoinder.

It is presumed that the demurrer was decided on misapprehension of the points ruled in Alexander v. Warrance, 17 Mo. 228, which is the principal case relied on in support of the judgment of the court below. But it appears from that case that the object of the suit was to obtain partition among the heirs of Catharine Warrance, and it was not alleged in the petition that Warrance, the defendant, had any interest in the premises; indeed the theory of the plaintiffs was that he had not. He was, however, in possession as tenant by the curtesy; and the pleaders, in addition to the count for partition, joined a count to eject him from the possession, thus confusing an action for partition and an action in ejectment. The court held that there was a misjoinder of parties, and that the petition was multifarious.

The plaintiffs were entitled to a trial on the merits as presented in their petition, and the judgment will be reversed and the cause remanded. The other judges concur.