# JAMES W. SCOVILLE *et al.*

### *v.*

# MARIA E. HILLIARD *et al.*

48   453
153   321

48   453
208   ¹511

1. PARTITION—*who entitled thereto.*—A remainder-man, or reversioner in fee, of an undivided interest in property, may maintain a suit for partition, against the owner of the remaining undivided interest in remainder, the whole premises being subject to a life estate unexpired.

2. SAME—*not necessary—that the petitioner should be entitled to the possession—to maintain suit.* In order to maintain a suit for partition, our statute does not require that the petitioner claiming an interest in the premises should be entitled to the possession thereof. It is enough, if he discloses such an interest as the statute specifies—that he is a tenant in common, or joint tenant, or a coparcener, and what interest the defendant is supposed to have in the same.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Mr. GEORGE SCOVILLE, for the appellants.

Messrs. HERVEY, ANTHONY & GALT, for the appellees.

HARVARD LAW SCHOOL LIBRARY

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a petition under chap. 79, Revised Statutes, for the partition of a certain lot of ground in the city of Chicago.

The petition conformed to the statute, and showed that appellants and appellees were each owners in fee of a certain undivided interest in the lot, and that the whole lot was subject to a life estate therein of Mrs. Elizabeth Snowhook.

The defendant demurred to the petition, and the demurrer was sustained and the petition dismissed. Petitioners appeal to this court, and the only point made is, can a remainder-man or reversioner in fee, of an undivided interest in real property,

maintain a suit for partition thereof, against the owner of the remaining undivided interest in remainder, the whole premises being subject to a life estate in another, and unexpired?

The question must be solved with reference to our statute, it being a statutory proceeding. Our statute upon the subject, entitled "Partition," provides, where lands are held in joint tenancy, tenancy in common, or coparcenary, it shall be lawful for any one or more of the persons interested, to present a petition to the circuit court of the county in which the lands, or a major part of them, lie, praying for a division and partition of such premises, according to the respective rights of the parties interested therein, and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners. By the second section, it is provided, that in addition to a particular description of the premises, the petition shall set forth and make exhibits of the rights and titles of all parties interested therein, so far as the same are known to the petitioners, including tenants for years, for life, by the curtesy, or in dower, and of persons entitled to the reversion, remainder, or inheritance, and of every person who, upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as the same are known to the petitioners, and such petition shall be verified by affidavit. By the third section it is provided, that every person having such interest as specified, whether in possession or otherwise, and every person entitled to dower in such premises, if dower has not been admeasured, shall be made a party to the petition.

The eighth section requires the court to ascertain and declare from the evidence, in case of default, or from the confessions by pleas of the parties if they appear, or from the verdict, the rights, titles and interests of all the parties to the proceedings, petitioners as well as defendants, and give such judgment as may be required by the rights of the parties. Scates' Comp. 160.

The petition in this case conforms to the statute, and the question very naturally arises, why should tenants for life be made parties to the petition, if their rights were not to be adjudicated by the court? We can perceive no reason for it, and the statute no where intimates that the petitioner claiming an interest in the premises, shall be entitled to the possession thereof, at the time he presents his petition for partition. It is sufficient if he discloses he has such an interest as specified in the statute—that he is a tenant in common, or joint tenant, or a coparcener, and what interest the defendant is supposed to have in the same, and it would seem, though that interest may be a life estate, as in this case, the same is to be subject to the action of the court in the proceeding. In some States, New York, for one, the life estate, if the premises cannot be divided, is sold and the proceeds paid over to the owner thereof, but that is by express statute.

It is insisted by appellees, that inasmuch as the appellants do not show they were entitled to the possession of the premises, the proceeding cannot be sustained. Now, there is not a word in the statute requiring this should be shown. The petition does not allege that the owner of the life estate is in possession. It may well be, that one person is the owner of a life estate in premises which are actually in the possession of the owner of the fee, he paying rent. Such owner, if out of possession, is seized of the estate, and actual possession or a right of possession, is not, by the statute, deemed to be necessary.

In some of the States, such right of possession is made requisite by statute, to maintain the proceeding. In Massachusetts, it cannot be instituted by a remainder-man or reversioner; nor in Maine. In New York, the final judgment is conclusive on all parties named in the petition, and all parties interested who may be unknown, to whom notice was given by publication, but the judgment does not affect persons having claims to the whole of the premises, or tenants in

dower, by the curtesy, or for life ; and the same in Minnesota. In Wisconsin, one or more tenants in common, coparcenary, or joint tenants, may have partition, but such persons must have an estate in possession.   One who has only an estate in remainder   or reversion, cannot maintain the action ; so in Michigan.

In New Jersey, there may be a partition among parties holding in reversion or remainder, by consent of the particular tenants ; or if partition cannot be made, the premises may be sold, and the particular tenants paid their proportion of the proceeds ; somewhat similar to the statute of New York, in this respect.   In Tennessee, the proceedings are similar to our own, but the partition does not affect the claim of any one having a life estate in the whole of the premises.

In Texas, the provision is, simply, that any part owner of lands may compel partition by any lawful method, and that no such partition shall prejudice those entitled to reversions or remainders.

In California, the judgment in partition does not affect a tenant for a less term than ten years to the *whole* of the property.   In Oregon, the decree does not affect tenants for years or for life of the *whole* property.   2 Wash. on Real Property, 591, note.

From this it will be seen, but few of the States inhibit a remainder-man or reversioner from instituting this proceeding. It is a matter to be provided for by statute, and as our statute is silent on the subject, we see no reason why such a party should not have the action.   It may be very important to one holding such an estate with another holding the same kind of of an estate, that their particular interests should be set off and allotted to them, or if not capable of being so done without prejudice, that such interests should be sold.   An undivided interest in property is not so secure as a separate one, and every such proprietor desires to know certainly what he does own, and so long as the owner of the life estate is not

affected by the proceeding, we see no reason why that interest should be an obstacle in the way of a partition between those owning the fee as reversioners.

The cases referred to by appellees, *Culver* v. *Culver*, 2 Root (Conn.), 278; *Nichols* v. *Nichols*, 28 Verm. 228, and *Brock* v. *Eastman*, ib. 658, are relied on as sustaining the position they occupy.

It is admitted, they do go to that extent, and the decisions were made under statutes similar to our own, but with a difference. In Connecticut, the court can, in the first instance, order a sale of the whole premises, in which case, the owner of the life estate could be dispossessed. And in Vermont, if no one of the parties interested will consent to raise an assignment of it, and pay such sum as the commissioners direct, the court will order the commissioners to sell the estate and execute conveyances which will bind the owners and all persons claiming under them, and the same result will follow.

The references made to support the views of the court in the Vermont cases, are to Massachusetts and New York, whose statutes require the petitioner to show a right of possession.

Our statute not so providing, we can see no objection to the remainder-men compelling a partition among themselves, leaving the life estate intact. The owner of the life estate has made no objections to the proceeding.

Reference is made by appellants to the law of 1861, amending chap. 79, but we do not see its application to this case. Here there are no conflicting claims to settle, or clouds to be removed, nor infants, or unknown parties.

The judgment is reversed and the cause remanded.

*Judgment reversed.*