ATKINSON, *Appellant*, v. BRADY *et al.*

Division Two, February 14, 1893.

I. **Partition:** CURTESY. An estate by the curtesy simply is not the subject of partition.

2. ———. Where, however, the owner of the curtesy also owns an interest in the remainder of the estate, he can maintain partition as to the latter.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Stauber & Crandall,* for appellant.

(1) The appellant as the owner of the curtesy and an undivided one fifth in the remainder is entitled to partition. *Reinders v. Koppelmann,* 68 Mo. 482–500; *Preston v. Brant,* 96 Mo. 552; *Otley v. McAlpine,* 2 Gratt. 341; Freeman on Co-Tenancy & Partition [2 Ed] sec. 456; *Blakely v. Calder,* 17 N. Y. 617. 2 Grattan is exactly in point. (2) Under our statute any person interested in lands held as described may compel partition. Revised Statutes, sec. 7132, and under such a statute a remainderman can have partition during the

existence of a life-tenancy.    68 Mo. 500, *supra;* 96 Mo. 552, *supra; Scoville v. Hilliard,* 48 Ill. 443; *Hilliard v. Scoville,* 52 Ill. 449.    Illinois statute is similar to Missouri statute.

*Hall & Pike* for respondents.

BURGESS, J.—This is an action in partition.    The petition shows that Nellie Brady died in 1889, seized of certain real estate in Buchanan county, and left surviving her a husband and five children; that plaintiff succeeded to the curtesy interest of the husband and the share of one of the children of deceased; sets out the interests of the other defendants, and prays for partition.

The defendants demurred to the petition on the ground that plaintiff being the owner of the curtesy and the undivided one fifth interest in the remainder only was not entitled to have the land partitioned.    The demurrer was sustained, and the plaintiff declining to plead further, judgment was rendered for defendants, from which plaintiff appeals to this court.

It will be observed from the foregoing statement that the sole question presented in this case for our consideration is whether the plaintiff, being the owner of the curtesy, together with an undivided one fifth interest in the remainder, is entitled to have partition of such an estate as against the other defendants, owners of the estate in remainder.

Section 7132, Revised Statutes, 1889, provides that when lands, tenements or hereditaments are held in joint tenancy, tenancy in common or co-parcenary including estates in fee, for life or for years, tenancy by the curtesy and in dower, any one or more of the parties interested therein may file a petition in the circuit court of the proper county asking for the

admeasurement and setting off any dower interest therein and partition of the remainder. While by the terms of this section of the statute a person being a tenant by curtesy may bring his suit in partition to have the estate partitioned, that clause has application only to estates held in common; for instance, an estate in which the deceased wife and some other person or persons owned the property as tenants in common at the time of the demise of the wife, at the time the curtesy rights of the husband attached, or acquired such rights afterwards and held it jointly with some other person, then as a matter of course he could have his rights ascertained and his interest set off by a suit for that purpose. Freeman on Co-Tenancy & Partitition [2 Ed.] sec. 456. But it has no application to the case at bar for the reason that the husband's rights are fixed by law—he owns the entire estate during his life and there is nothing, so far as this estate is concerned, to partition.

Does it follow then, that the plaintiff because of his having acquired the curtesy interest of the husband, and also one fifth interest in the remainder of the estate, cannot maintain his action for the purpose of partitioning the land, and having his one fifth interest in the fee set off, and leaving the life estate, or his interest as tenant by the curtesy intact? If so, the demurrer was properly sustained; if not the cause must be reversed. We think the petition stated a good cause of action in so far as the plaintiff's one fifth interest is concerned. The section of the statute above quoted authorized anyone owning an interest in real property, though subject to a life estate, dower or curtesy, to prosecute an action to have his interest partitioned subject to such estate. *Preston v. Brant*, 96 Mo. 552; *Reinders Kopplemann*, 68 Mo. 500; *Scoville v. Hilliard*, 48 Ill. 453; *Otley v. McAlpine's Heirs*, 2 Gratt. 341. The

judgment is reversed and the cause remanded, that the cause may be proceeded with and the estate partitioned subject to the curtesy.