HAYES *et al.*, *Appellants*, v. McREYNOLDS *et al.*

Division Two, May 31, 1898.

1. **Partition:** PETITION: PARTY IN POSSESSION. Where a petition shows that the parties to the suit are the owners of the land sought to be partitioned, and nothing appearing therein to the contrary, it will be presumed that they are in possession thereof, and if there is an adverse holding it is a matter of defense.

2. ———: ———: DIVISION IN KIND. Where a petition in a partition suit states that "said real estate is not susceptible of division in kind without destroying its value," the averment of facts on that point is sufficient to withstand a demurrer.

3. ———: ———: DOWER. Where a widow has dower in real estate, the remaindermen can have it partitioned, and sold under the partition decree, subject to her life interest.

4. ———: DOWRESS: REMAINDERMEN: COTENANCY. The widow, who by her husband's will is given a life estate in land, and the remaindermen are not cotenants. But that does not prohibit the remaindermen from having partition, subject to her dower, under section 7132, Revised Statutes 1889.

*Appeal from Bates Circuit Court.*—Hon. James H. Lay, Judge.

Reversed and remanded.

*Thos. J. Smith* for appellants.

(1) The remainder interest, or the interest of the heirs of Harrison McReynolds, subject to the life estate of his widow, Elizabeth McReynolds, is subject to partition. R. S. 1889, sec. 7132; *Reinders v. Koppelmann,* 68 Mo. 482; *Preston v. Brant,* 96 Mo. 552; *Atkinson v. Brady,* 114 Mo. 200; *Gadman v. Simmons,* 113 Mo. 122; *Sikemeier v. Galvin,* 124 Mo. 368. (2) The petition fully meets the requirements of the statute. R. S. 1889, sec. 7134.

*C. A. Denton* for respondents.

(1) Litigants are bound in the appellate court by the positions assumed by them in the trial court. *Tomlinson v. Ellison,* 104 Mo. 112; *Evans v. Kunze,* 128 Mo. 679; *Berry v. Railroad,* 124 Mo. 282. (2) The court in passing on a demurrer only passes on the distinct and specific allegations therein made as grounds for objection to the petition. R. S. 1889, sec. 2044; *Almutt v. Leeper,* 48 Mo. 319. (3) Plaintiffs as owners of the remainder interest are not cotenants with the defendant Elizabeth McReynolds, owner of the life estate, and for that reason can not maintain this action.

R. S. 1889, sec. 7132; Freeman on Coten. and Part. [2 Ed.], sec. 421; *Atkinson v. Brady*, 114 Mo. 202; *Simmons v. MacAdaras*, 6 Mo. App. 297. (4) The owner of the remainder interest in an estate can not at his election by a proceeding in partition have the life tenant's interest set off from his interest and its value admeasured. *Reinder v. Koppelmann*, 68 Mo. 500; *Atkinson v. Brady*, 114 Mo. 202.

BURGESS, J.—This is an action for the partition of a lot in the city of Butler, Missouri. The petition, leaving off the formal parts, is as follows:

"The plaintiffs above named state that at the time of his death one Harrison McReynolds was the owner of, and had title to, the following described real estate in the county of Bates and State of Missouri, to wit: The east one third of lot number two in block number two in the city of Butler in said county. Plaintiffs state that on —— day of —— 1888, the said Harrison McReynolds died in Bates county aforesaid, leaving a will that has been admitted to probate in the probate court of said county where the estate of said decedent has been fully settled, except that the debt, secured by a deed of trust upon the property aforesaid, and hereinafter more particularly referred to, has not been fully discharged, although the same has not been proven as a claim against the real estate aforesaid. Plaintiffs state that on the —— of ——, 1886, said decedent together with his wife, the defendant, Elizabeth McReynolds, by their deed of trust conveyed the real estate aforesaid to Jarvis, Conklin & Co., to secure to them the payment of a note for fifteen hundred dollars, payable on the first day of July, 1891, with interest at the rate of seven per cent per annum. Plaintiffs state that said debt is unpaid except that all interest due thereon to the first day of July, 1895, has been paid.

The note secured by the said deed of trust together with all benefits of the said deed of trust was on the —— day of ——, 1886, by the said Jarvis, Conklin & Co., assigned and transferred to the defendant, Mutual Benefit Life Insurance Co., of Newark, N. J., which is a foreign corporation and which now is the holder of the deed of trust aforesaid and the note secured thereby. Plaintiffs state further that by the will of the said decedent he devised to the defendant, Elizabeth McReynolds, a life estate in the real estate aforesaid and the remainder therein to the defendants, and one George McReynolds, in the following proportion: To Jessie B. McKibben, an undivided one fourth part; to said George McReynolds, an undivided one fourth part; to the defendant, Mabel McReynolds, an undivided one fourth part; and to the defendants, Emory McReynolds and Gracie McReynolds, who were the only children of a deceased son of the said Harrison McReynolds, together a one fourth part. The said devisees are the only heirs of the said Harrison McReynolds. The plaintiffs have by purchase and conveyance become the owners in equal parts of the said interest of the said George McReynolds, so that the interest of the parties in the said real estate is as follows: The defendant Mutual Benefit Life Insurance Company has a lien against the same to secure the payment of the sum of fifteen hundred dollars, subject to which the defendant, Elizabeth McReynolds, who is now of the age of sixty-two years, has a life estate only therein; the defendant Jessie McKibben who is now the wife of her codefendant, Frank McKibben, and the defendant Mabel McReynolds, each have a one fourth interest therein, and the defendants, Emory B. McReynolds, Frederick McReynolds and Gracie McReynolds and the plaintiffs each own a one twentieth interest therein. Said real estate is not susceptible of

division in kind without destroying its value. The defendants, Emory McReynolds, Frederick McReynolds and Gracie McReynolds are all minors and non-residents of the State of Missouri. Wherefore the plaintiffs ask that the real estate aforesaid be sold and that the proceeds of such sale be partitioned among the several parties in interest as aforesaid, and for all proper relief warranted in the premises, with costs.''

The defendants Elizabeth McReynolds, Jessie McKibben and Frank McKibben, demurred to the petition for the following grounds of objection: *First*, that it fails to allege who the owners of the premises were at the time of filing the petition as required by law; *second*, that it fails to allege who was in possession of said premises at the time of the filing of the petition as required by law; *third*, that the petition fails to allege any facts as to why the premises sought to be partitioned can not be partitioned in kind; *fourth*, that by their petition the plaintiffs seek to partition and sell the life estate of defendant Elizabeth McReynolds contrary to law.

The demurrer was sustained, and plaintiffs declining to plead further, the petition was dismissed and judgment rendered against them for costs. They appealed.

It is apparent from a casual reading of the petition that the first ground assigned in the demurrer was not well taken, as the petition alleges that Harrison McReynolds was the owner of and had title to the land in question; that he died on the —— day of ——, 1888, leaving a will which was duly admitted to probate, by which he devised to the defendant Elizabeth McReynolds, a life estate in the real estate described in the petition, and the remainder therein to the defendants and one George McReynolds, as thereinafter particularized, and is susceptible of no other meaning

than that the parties to the suit were at the time of filing the petition the owners of the land in suit.

As to the second ground of demurrer it is sufficient to say, as the petition shows that the parties to the suit are owners of the land in the absence of anything appearing to the contrary, possession of it by them will be presumed, and if there is an adverse holding it is matter of defense.

With respect to the third ground of demurrer, the petition alleges that "said real estate is not susceptible of division in kind without destroying its value" and the averment of other facts why it could not be partitioned in kind were unnecessary. This allegation was sufficient to present that issue and if defendants desired to raise it they could have done so by answer.

By the fourth ground of demurrer the question is raised as to whether the remainder interest, or the interest of the heirs of Harrison McReynolds, subject to the life estate of his widow, Elizabeth McReynolds, is subject to partition.

By section 7132, Revised Statutes 1889, it is provided that "where lands, tenements or hereditaments are held in joint tenancy, tenancy in common or coparcenary, including estates in fee for life or for years, tenancy by the curtesy and in dower . . . any one or more of the parties interested therein may file a petition in the circuit court of the proper county asking for the admeasurement and setting off of any dower interest therein and partition of the remainder." Defendants contend that plaintiffs, as the owners of the remainder interest, are not cotenants with the defendant Elizabeth McReynolds, who has a life estate in the property, and for that reason, they can not maintain this action. So far as the contention is that Mrs. McReynolds is not a cotenant with the other parties to the suit there can

be no question.   Nor is she a joint tenant.   She owns the entire property for and during her natural life independent and irrespective of the interests of the other parties, and this being the case, she has no interest to set off or partition, and does not come within the meaning of the statute.   *Atkinson v. Brady*, 114 Mo. 200. But it does not thence follow that the property may not be partitioned by the remaindermen, subject to her life interest and we think the petition states a good cause of action for that purpose.   The statute quoted authorizes any one owning an interest in real property, though subject to a life estate, dower or curtesy, to prosecute an action to have his interest partitioned subject to such estate.

The judgment is reversed and the cause remanded, in order that the cause may be proceeded with in accordance with the views herein expressed.

GANTT, P. J., and SHERWOOD, J., concur.