## FRANKIE BYARS et al., Appellants, v. McCABE HOWE et al.

Division One, October 9, 1925.

1. **PARTITION: Necessary Parties: Beneficiaries of Deed of Trust.** The payees of a note secured by a deed of trust on the land sought to be partitioned have an interest therein, and are proper parties to the partition suit. And, if competent to act, they may join with the mortgagor as plaintiffs, or be made defendants.

2. ————: **Tenants in Common in Fee: Minor's Interest Subject to Father's Curtesy: Mortgage.** The owners of an undivided four-fifths of the land in fee may maintain partition against a minor defendant who owns the remaining fifth in fee, and although the entire tract is encumbered with a deed of trust in favor of other plaintiffs and the minor's one-fifth is subject to the curtesy or life estate of her father, the court may (a) order the lands divided in kind (if that can be done without great prejudice to the parties), allotting to each tenant in common in the fee a one-fifth part in value, each subject to the existing encumbrance, and further subjecting the allotment to the minor to her father's curtesy for life,

or (b) order that sale be made in kind of the entire premises, if partition cannot be made in kind, and the proceeds divided among or set aside to the respective co-tenants in fee, subject to the existing encumbrance, and subjecting the minor's portion to her father's life estate, and may fully protect the rights of the minor in the proceeds arising from the sale of her fifth interest in the fee by ordering such proceeds to be invested in lands or other safe securities, or by requiring of the father a good bond binding him and his estate to deliver to the minor upon his death the principal thereof.

Corpus Juris-Cyc. References: Partition, 30 Cyc., p. 179, n. 11; p. 189, n. 75 New; p. 195, n. 7; p. 292, n. 27.

Appeal from Audrain Circuit Court.—*Hon. Ernest S. Gantt*, Judge.

REVERSED AND REMANDED.

.*Clarence A. Barnes* for appellants.

(1)   Every one who has any interest in the cause of action alleged against defendants has been joined as plaintiffs.   Scott v. Alton Banking Co., 175 S. W. 922. (2) Plaintiffs W. Latney Barnes, J. Garrett Barnes, Ben C. Barnes and Clarence A. Barnes are necessary parties to a complete determination of this suit.   The statutes require that every person having any interest in the premises, whether in possession or otherwise, shall be made a party to such petition. R. S. 1919, sec. 1998. (3) The Barnes brothers were proper parties.   Harbison v. Sanford, 90 Mo. 477; Grogan v. Grogan, 177 S. W. 649; Reinhardt v. Wendeck, 40 Mo. 577; Yates v. Johnson, 87 Mo. 213; Estes v. Nell, 108 Mo. 172; Hiles v. Rule, 121 Mo. 248. (4)   The petition does not allege defendant McCabe Howe has any estate in the lands sought to be partitioned.   It alleges defendant Marian Barnes Howe is the heir and only heir at law of Irma Barnes Howe, deceased, and that the interest of defendant Marian Barnes Howe is an undivided one-fifth, subject to the

possible claim of curtesy therein of defendant McCabe Howe. McCabe Howe thereby became a necessary party. Carson v. Hecke, 282 Mo. 580; Tilton v. Vail, 53 Hun. (N. Y.) 324; Hicks v. Estes, 214 S. W. 159. (5) The respondents are now departing from the theory of their interlocutory judgment obtained upon their demurrer, and for the first time urge that the defendants belong to different classes, between which the statute authorizes partition. Sec. 1995, R. S. 1919, expressly includes curtesy, with estates held as tenancy in common, or coparcenary. But if there cannot be partition as to the curtesy estate in the undivided one-fifth of Marian Barnes Howe, the petition nevertheless stated a good cause of action, as between all parties save McCabe Howe, and he was at least a proper, and we believe a necessary party.

*Rodgers & Buffington* for respondents.

Plaintiffs Barnes had no estate in the land involved which could be the subject of partition. Sec. 1995, R. S. 1919, sets forth by whom partition proceedings can be brought as parties plaintiff and provides for four distinct classes, namely: co-tenants in fee, co-tenants for life, co-tenants for years, co-tenants by curtesy and in dower. But all the party plaintiffs must belong to one and the same class. A tenant for years cannot have partition against a tenant for life or in fee, or *vice versa*, unless possibly by mutually consent; but in the case at bar defendant McCabe Howe is resisting partition, and Marian Barnes Howe, a minor is not only resisting, but being a minor, cannot consent. The Barnes brothers with respect to the land in suit are neither tenants in fee, for life, for years, or by curtesy or dower; hence not being in any of the four classes enumerated under the statute, they have no standing in court as parties plaintiff in a partition suit. Benton Land Co. v. Zeitler, 182 Mo. 267. Hence the Barnes brothers have no estate whatsoever in the land, but are

mere lien-holders. Gray v. Clements, 277 S. W. 112. Parties must all belong to the same class in an action for partition. White v. Summerville, 223 S. W. 103; Gray v. Clements, 246 S. W. 942.

SEDDON, C.—Suit for partition of real property in Audrain County, commenced on August 31, 1922. Plaintiffs' petition alleges: "Come now the plaintiffs herein and state that plaintiffs Frankie Byars, Blonda Hudson, Clarence Hudson, J. Garrett Barnes, Ben C. Barnes and Clarence A. Barnes are resident citizens of Audrain County, Missouri, and plaintiff W. Latney Barnes is a resident citizen of the city of Amarillo, County of Potter, State of Texas; and that defendants McCabe Howe and Marian Barnes Howe are resident citizens of the city of Lima, County of Allen and State of Ohio.

"Plaintiffs state that Adam C. Barnes died intestate on the 19th day of February, 1920, seized and possessed of the west half of Lot 14 of City Survey No. 50, in the city of Mexico, in the County of Audrain and State of Missouri. That on or about the——day of November, 1920, letters of administration were issued on the said estate of Adam C. Barnes, deceased, and that said estate is now in the course of administration and that all debts against the same have been paid; that the said Adam C. Barnes was survived by his widow, Martha G. Barnes, and was survived by five children, J. Garrett Barnes, Ben C. Barnes, W. Latney Barnes, Clarence A. Barnes and Irma Barnes Howe, constituting his heirs and only heirs at law. That the said Martha C. Barnes conveyed to the said J. Garrett Barnes, Ben C. Barnes, W. Latney Barnes, Clarence A. Barnes and Irma Barnes Howe, all her right, title and estate in and to said real estate, and relinquished her dower therein. That the said Irma Barnes Howe was the wife of defendant McCabe Howe and the mother of defendant Marian Barnes Howe. That the said Irma Barnes Howe died intestate in the city of Lima in the County

cf Allen, and State of Ohio, on the 6th day of July, 1920, leaving surviving as her heir and only heir at law the said defendant, Marian Barnes Howe, a minor, under the age of twenty-one years, and her husband, the defendant McCabe Howe.

"Plaintiffs further state that no administration has been had upon the estate of said Irma Barnes Howe in Missouri.

"Plaintiffs further state that Clarence Hudson is the husband of plaintiff Blonda Hudson; that the plaintiff Frankie Byars, is a widow, and that on or about the 27th day of September, 1921, said J. Garrett Barnes, Ben C. Barnes, W. Latney Barnes, together with his wife Nelle L. Barnes, and Clarence A. Barnes, together with his wife, Ruth L. Barnes, conveyed to plaintiffs Frankie Byars, Blonda Hudson and Clarence Hudson, an undivided four-fifths interest in said real estate, being their respective shares inherited of the said Adam C. Barnes, deceased. That the defendant Marian Barnes Howe, as the only child of Irma Barnes Howe, inherited her mother's interest in said real estate as heir of Adam C. Barnes, deceased, being an undivided one-fifth thereof, and the said Marian Barnes Howe now owns an undivided one-fifth thereof, subject to the possible claim of curtesy therein of the said defendant McCabe Howe.

"Plaintiffs further state that plaintiffs Frankie Byars, Blonda Hudson and Clarence Hudson executed and delivered to J. Garrett Barnes, agent of the heirs of A. C. Barnes, deceased, their one certain promissory note, for the principal sum of five thousand dollars, dated September 26, 1921, due and payable on or before five years after date and bearing interest at the rate of seven per cent per annum, and secured the same by a deed of trust on said real estate, which said deed of trust is recorded in the office of the Recorder of Deeds of Audrain County, Missouri, in Deed of Trust Record Book 50, at page 85, and that the said plaintiffs W. Latney Barnes, J. Garrett Barnes, Ben C. Barnes and

Clarence A. Barnes are the owners in possession of said note and the said deed of trust securing same.

"Plaintiffs further say that the estate of Adam C. Barnes, deceased, from which said land descended, has not been finally settled, but that all claims against the same have been fully discharged, and that the personal property of said estate and other real property of said estate and not sought herein to be partitioned, is more than sufficient to pay all claims and demands against the same; and that the real estate herein sought to be partitioned cannot be partitioned without great prejudice to the owners..

"Plaintiffs ask that a guardian *ad litem* be appointed for the minor defendant, Marian Barnes Howe.

"Wherefore, plaintiffs pray that partition of said real estate may be made between the parties, plaintiffs and defendants, according to their respective interests therein, and if partition in kind cannot be made without great prejudice to the owners, that the same may be ordered to be sold and the proceeds divided among said parties in proportion to their respective interests, and for such other orders, decrees and relief as to the court may seem meet and just in the premises."

The sole defendants are McCabe Howe and his infant daughter, Marian Barnes Howe. The defendant Marian Barnes Howe, being a minor, the trial court appointed Harry G. Stocks as guardian *ad litem* to represent her in said action. In due time the guardian *ad litem* filed his written acceptance of said appointment, together with an answer to the petition on behalf of his ward. Defendant McCabe Howe also filed answer to the petition. Thereafter, by order entered of record, the two answering defendants were given leave to withdraw their respective answers and to file demurrer. The demurrer so filed by defendants is as follows:

"Come now the defendants and demur to plaintiffs' petition and for ground thereof state that said petition shows upon its face that there is a defect of parties plaintiff in this, to-wit:

"(1) That the plaintiffs, Clarence A. Barnes, J. Garrett Barnes, W. Latney Barnes, Ben C. Barnes are not joint tenants, tenants in common or coparceners with the plaintiffs Frankie Byars, Blonda Hudson and Clarence Hudson and the defendants McCabe Howe and Marian Barnes Howe in the land described in plaintiffs' petition; that all of said plaintiffs are not sufficiently united in interest to enable them to join in a partition suit.

"(2) Said petition shows upon its face that it is a suit in partition and that plaintiffs W. Latney Barnes, J. Garrett Barnes, Ben C. Barnes and Clarence A. Barnes are not necessary parties to a complete determination of this suit.

"Wherefore, the defendants pray the judgment of the court."

The trial court sustained defendants' demurrer and, plaintiffs declining to further plead, judgment was entered in favor of defendants with costs against plaintiffs. Plaintiffs appeal to this court from the judgment *nisi*.

It will be seen from the allegations of the petition that the plaintiffs Barnes, the four sons of Adam C. Barnes, deceased, were the owners by inheritance of an undivided four-fifths interest in fee of the premises sought to be partitioned, each of said four sons being the owner of an undivided one-fifth interest in fee in said premises; that they, with their sister, Irma Barnes Howe (now deceased), acquired the outstanding dower interest of their mother, Martha C. Barnes, therein; that on or about September 27, 1921, before the institution of this proceeding, the said four Barnes brothers conveyed their undivided four-fifths interest in fee to the co-plaintiffs, Frankie Byars, Blonda Hudson and Clarence Hudson; that the co-plaintiffs, Frankie Byars, Blonda Hudson and Clarence Hudson, executed and delivered to plaintiff, J. Garrett Barnes, agent of the heirs of Adam C. Barnes, their promissory note for $5,000, dated September 26, 1921, due and payable on or before five years after date and bearing interest at

seven per cent per annum, secured by deed of trust duly recorded on said real estate, and that said four Barnes brothers, plaintiffs, are the owners in possession of said note and the deed of trust securing the same; that Irma Barnes Howe was the owner by inheritance of the remaining undivided one-fifth interest in fee in said premises and that said Irma Barnes Howe died intestate on July 6, 1920, leaving surviving as her only heir at law a minor daughter, the defendant Marián Barnes Howe, and also the surviving husband of said Irma Barnes Howe, the defendant McCabe Howe; and that said undivided one-fifth interest in fee in said premises is now owned by said minor defendant, Marian Barnes Howe, subject to the curtesy, or life estate in said one-fifth interest, of the defendant McCabe Howe.

I. The second ground of the demurrer is that plaintiffs, the four Barnes brothers, are not necessary parties to a complete determination of this partition suit or proceeding and have been improperly joined as plaintiffs herein. The suit or action here under review is a statutory proceeding for the partition of real property, and our statute (Sec. 1998, R. S. 1919) provides who shall be made parties thereto. That section reads: "Who shall be made parties.—Every person having *any interest* in such premises, *whether in possession or otherwise,* shall be made a party to such petition." It appears upon the face of the petition that the four Barnes brothers, W. Latney Barnes, J. Garrett Barnes, Ben C. Barnes and Clarence A. Barnes, co-plaintiffs herein, are the owners of a promissory note and a deed of trust upon the premises involved securing payment of said note; hence, they are the holders and owners of a contract lien or encumbrance upon the lands sought to be partitioned and, as such lien holders, have an interest in the premises which are the subject of the suit.

In Grogan v. Grogan, 177 S. W. 650, this division of this court said: "Whether or not the holder of a con-

*Proper Parties.*

tract lien upon a moiety or the whole of the land is a necessary party to a suit to partition the property (30 Cyc. p. 209), he is certainly a proper party to such an action under our statute (R. S. 1909, sec. 2562; Reinhardt v. Wendeck, 40 Mo. 577; Harbison v. Sanford, 90 Mo. 477)."

. It has been the uniform holding of this court that the beneficiary in a deed of trust upon the lands, or any interest therein, sought to be partitioned, is a proper party to the partition suit or proceeding. [Reinhardt v. Wendeck, 40 Mo. 577; Yates v. Johnson, 87 Mo. 213; Harbison v. Sanford, 90 Mo. 477; Estes v. Nell, 108 Mo. 172; Hiles v. Rule, 121 Mo. 248; Lilly v. Menke, 126 Mo. 190; and Becker v. Stroeher, 167 Mo. 306.]

The four Barnes brothers being the holders and owners of a lien or encumbrance upon the lands which are the subject of this statutory proceeding for partition and each having an interest in the premises sought to be partitioned, it follows that, under the foregoing cited decisions of this court, they are proper parties to the suit at bar. Were they, therefore properly joined as plaintiffs, or should they have been made defendants herein? The question, we think, is conclusively answered in Larned v. Renshaw, 37 Mo. l. c. 462, wherein we said: "The proceeding in this State for partition is strictly statutory, and cannot be governed by the technical rules regulating actions at law. . . . The plain, obvious and intelligible meaning of the act is, that *persons interested may be parties as petitioners.* And where they all are competent to act, and are desirous of a division, no reasonable objection can be urged of this course of procedure. They voluntarily come into court, and submit themselves to its judgments; their rights and interests are regularly adjudicated by due course of the law, and we are unable to perceive that any grievance or injustice can result therefrom."

It follows, therefore, that the second ground of defendants' demurrer is not well founded, which leads

us to a discussion and ruling of the first ground of the demurrer.

II.   Our partition statute (Sec. 1995, R. S. 1919) provides: "In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests."

It is contended by respondents that the foregoing section of the partition statute contemplates and provides for four distinct and separate classes of parties plaintiff, namely: (1) Co-tenants in fee; (2) co-tenants for life; (3) co-tenants for years; and (4) co-tenants by curtesy and in dower; and respondents furthermore contend that all the parties, both plaintiff and defendant, must belong to one and the same class in order that partition of the premises may be made under the statute.   In other words, respondents contend that a tenant for years cannot have partition against a tenant for life or a tenant in fee, and a tenant for life cannot have partition against a tenant for years or a tenant in fee, and a tenant in fee cannot have partition against a tenant for years or a tenant for life, and *vice versa,* unless (possibly) all the interested parties are of full age, *sui juris,* and mutually consent to the partition, or, by reason of their active participation in the suit, they are estopped to question the validity or effect thereof.

The effect and meaning of the first section of the partition statute (Sec. 1995, R. S. 1919) has been discussed and ruled in several recent decisions of this court. In Stockwell v. Stockwell, 262 Mo. l. c. 679, this division of this court, speaking through Brown, C., said: "This section refers only to lands held, at the time the suit may be instituted, in joint tenancy, tenancy in common, or coparcenary. The estate so held may include estates for life or for years as well as in fee, and also includes tenancy by the curtesy and in dower. The controlling feature of the provision is that there must be an existing undivided tenancy or holding in land by two or more owners, susceptible of being so parceled between them as to become a several holding by each."

Again, in Carson v. Hecke, 282 Mo. l. c. 591, Goode, J., speaking for this division of this court, said: "But in this jurisdiction and most others, a tenant for life, whether by curtesy or otherwise, absent statutory authority, cannot compel partition against remaindermen and reversioners, nor they against him, and between such estates the remedy is unavailable except by consent of the respective owners. This is because no common interest exists between them of any character, either in coparcenary, tenancy in common or joint tenancy."

In White v. Summerville, 283 Mo. 268, we held that, under the first section of the Partition Act (Sec. 1995, R. S. 1919), a dowress, who has a mere dower or life estate, cannot maintain an action against the heirs or devisees to partition the lands of which her deceased husband died seized, and if it be found that partition in kind cannot be made without great prejudice to the parties in interest, have judgment for a sale of the lands and a division of the proceeds among the parties according to their respective rights and interests. We there said, l. c. 276: "At common law a suit by a dowress for partition would not lie against the owners of the fee, for the reason that there was no common interest between her and said owners, and the remedy of partition was only

available as between co-owners. [Citing authorities.] The quoted section of the chapter on partition (1995) although it includes estates less in quantity than the fee, and among them dower estates, as being subject to its terms, and says any party having a dower or other life interest in land, as well as parties who own an interest in the fee, may petition to have the life interest set off and the remainder partitioned among the owners of it, has never been held to have so far changed the rule at common law as to entitle a widow, merely by virtue of her dower interest, or any owner of a life estate, to maintain partition as against the owners of the fee. The widow, or other life tenant, is neither tenant in common, joint tenant nor coparcener with the fee owners. [McClanahan v. Porter, 10 Mo. 746.] And at common law only those owners were entitled to have lands partitioned among them; the remedy of partition being accorded where there was a common interest between the parties invoking the remedy and the party against whom it was invoked. [Chickamauga Trust Co. v. Lonas, L. R. A. 1918 D, 451 and cases cited in note.] We have lately had occasion to examine this question and to review the decisions in this State dealing with it. [Carson v. Hecke, 282 Mo. 580.]''

In Gray v. Clement, 286 Mo. 100, the same section of the Partition Act was under construction by Division Two of this court, and WHITE, C., delivering the opinion of this court, said at page 106: ''Early cases construing that statute have been followed by very recent cases in which it is held that the authority of a court to order a partition without the consent of all the parties is limited by the terms of the statute.' The only estates authorized by Section 2559, Revised Statutes 1909 (Sec. 1995, R. S. 1919), to be partitioned are estates which are coterminous and not successive; co-tenants of a life estate may have partition of their life estate which would not affect the remainder; or, remaindermen, tenants in common, may have a partition of the remainder *subject to the life estate.*

But there is no authority for a partition between the life tenant and a remainderman. [Stockwell v. Stockwell, 262 Mo. 671; Carson v. Hecke, 282 Mo. 580.] The opinions in these cases review many cases in this State and reach the conclusion as stated.''

The case of Gray v. Clement was again before this court on second appeal, 296 Mo. 497, and was ruled by WALKER, J., speaking for Division Two of this court, who said:

''Proceedings in partition under our law so far as concerns the jurisdiction of the courts are purely statutory. To the latter we must look, therefore, to determine the power of the court in a given case. ·The petition in the partition proceeding discloses that this is a suit by a life tenant and her husband against the remaindermen in fee—their children—to partition the land in question. The section of the statute authorizing actions to partition land (Sec. 1995, R. S. 1919) is confined to those held in joint tenancy, tenancy in common and coparcenary. While the interests thus held may include estates for life or for years as well as in fee and tenancies by the curtesy and in dower, the dominant requirement of the law is that there must be such an undivided holding by two or more owners as is susceptible of being divided so as to become a several holding by each. The facts pleaded do not bring this case within the purview of the statute. The tenancy of Josephine Brokel covered the entire estate for the period of her life, during which no one else could have an interest therein except by an act of hers which severed her interest from the freehold. . . . There was no common interest in the land between the defendants, the remaindermen in fee in the partition suit, and the plaintiffs, and hence there could be no severance or partition of their undivided interests such as is authorized by the statute. [Sec. 1995, supra.] . . . In addition to the absence of statutory authority for the partition proceeding, it appears that the defendants were at the time not only minors, but children of tender years. They could not

therefore consent to this proceeding. And while not discussing the important and always to be observed duty of the courts to protect the rights of infants, it will suffice to say that judicial action affecting those rights should not be exercised in the absence of well defined authority for same. Not only in equity, but under the statute, are minors regarded as wards of the court, and as such entitled to its sedulous care and continued protection. [Carson v. Hecke, 282 Mo. l. c. 595; Revely v. Skinner, 33 Mo. l. c. 101.] It is alleged in the petition that the land is not susceptible of division in kind and that the same should be sold, which was done. All this, however, is but incidental, as underlying every other question is that of the power of the court to entertain a proceeding of this character. That the statute confers no such power, we have shown, and an exhaustive review of this question in several cases confirms the correctness of this conclusion.''

Based upon a careful review and analysis of the authorities above cited, we are constrained to hold that there can be no compulsory partition herein between the defendant Marian Barnes Howe, who is the owner of a one-fifth interest in fee in the *res,* and her father, the defendant McCabe Howe, who is the owner of a curtesy or life estate in said one-fifth of the *res.* The defendant, Marian Barnes Howe, as disclosed by the allegations of the petition, is a minor; hence, she is incapable of consenting to partition of her one-fifth fee interest in the premises. Neither can the curtesy or life interest therein of her father, the defendant McCabe Howe, be computed according to the mortality tables under the statute, and the proceeds arising from a sale of said one-fifth interest divided between him and his minor daughter according to their respective determined and computed interests, for such a judgment or decree would be a mere nullity and void and vulnerable to collateral attack by the minor daughter, the defendant Marian Barnes Howe. [Gray v. Clement, 286 Mo. 100; idem. 296 Mo. 497; Carson v. Hecke, 282 Mo. 580.]

In Carson v. Hecke, 282 Mo. l. c. 595, we said: "Some of the parties in the case before us are incapable of consenting to a partition, because two or three are minors and one is insane. Therefore, the next question is whether, if the cause were remanded to have Lane brought in and another sale made to pass his interest, this course would be lawful. Unless there is statutory authority for it, clearly it would not be and it is incumbent on the courts to protect the legal rights of minors in proceedings of this kind. [Freeman, Co-Tenancy and Partition, 457.] And one can readily see their interests might be sacrificed or seriously impaired by a sale and division of the proceeds with the life tenant, computing the latter's interest by mortality tables. Persons who are *sui juris* may use their judgment about the expediency of such a course and determine for themselves whether they prefer to have partition by a sale and an apportionment of the purchase money with the curtesy holder, or await the termination of his life and estate. A different principle controls where some of the parties in interest are under the disability of minority or insanity. Courts have had occasion to consider the question and their conclusions are in harmony with what we have said."

We think, however, that it does not follow that the petition herein is demurrable, although partition will not lie as between the two defendants. The grantees of the four Barnes brothers, co-plaintiffs, and the defendant Marian Barnes Howe are tenants in common holding the title in fee to the *res*. The fee title of the co-plaintiffs, Frankie Byars, Blonda Hudson and Clarence Hudson, is subject to the note and deed of trust owned and held by the four Barnes brothers, while the fee title of the defendant Marian Barnes Howe is subject to the curtesy or life estate of her father, the defendant McCabe Howe. We see no logical or legal reason, however, why the court *nisi* cannot order partition of the premises in kind (if such can be done without great prejudice to the parties), allotting to the respective co-tenants in fee their respective interests in severalty, subject to existing liens, encum-

brances, and the life or curtesy estate of defendant Mc-Cabe Howe, affecting the respective interests. Neither do we see any logical or legal reason why the court *nisi* cannot order a sale to be made of the entire premises, if partition cannot be made in kind without great injury to the parties, and the proceeds of such sale divided among, or set aside to, the respective co-tenants in fee, subject to existing liens, encumbrances, and the life or curtesy interest of said defendant, McCabe Howe. While the trial court is without power or jurisdiction, we think, to order the value of the life estate of McCabe Howe in the minor daughter's one-fifth fee interest to be computed and set aside to him out of the proceeds of the sale of such interest and to order the remainder to be paid to or for the minor daughter, still we think the court may properly and fully protect the rights and interest of the minor daughter in the proceeds arising from the sale of her one-fifth fee interest by ordering the investment of such proceeds in lands or other safe securities, or by requiring of the father, McCabe Howe, a good and sufficient bond or security binding him and his estate to deliver to the daughter, upon his death and the termination of his curtesy estate, the principal or *corpus* of such proceeds. [30 Cyc. 291, 292; Kelly v. Deegan, 111 Ala. 152.] As the holder of a curtesy or life estate in said one-fifth fee interest, the defendant McCabe Howe is entitled to the use and income thereof during his life, and so he is likewise entitled during his life to the income or interest arising or accruing from the proceeds of the sale of such one-fifth interest. It may be, when the defendant Marian Barnes Howe attains her majority and becomes *sui juris*, that she will agree with her father, if he is then living, as to the division *inter sese* of the principal or *corpus* of the proceeds arising from the sale of her said one-fifth fee interest, for she will then be capable of contracting in her own behalf. But it seems intolerable to us that the plaintiff co-tenants in fee with the defendant Marian Barnes Howe should be denied partition of their undivided interests in fee in the premises because, perchance,

partition between the two defendants, whose estates are not coterminous, will not lie. The tenants in common in fee, belonging as they do to the same class under the partition statute, are clearly entitled to partition of the fee as between themselves; hence, plaintiffs Frankie Byars, Blonda Hudson and Clarence Hudson and defendant Marian Barnes Howe may properly maintain, each against the others, a suit for partition of the fee in the premises, notwithstanding Marian Barnes Howe is a minor. [Secs. 1995, 2002, R. S. 1919.] The rights and interests *inter sese* solely affecting the defendants Marian Barnes Howe and McCabe Howe are matters with which the cotenants in fee have no concern. We think our conclusion herein is amply supported by previous decisions of this court.

In Atkinson v. Brady, 114 Mo. 200, the petition disclosed that one Nellie Brady died seized of certain described real property and left surviving her a husband and five children; the plaintiff in the partition suit succeeded to the curtesy interest of the surviving husband and the share of one child of the deceased, and prayed for partition of the premises. The defendant children of deceased demurred to the petition and the demurrer was sustained *nisi*. Said this court in ruling the question, at page 202: ''Does it follow then, that the plaintiff because of his having acquired the curtesy interest of the husband, and also one-fifth interest in the remainder of the estate, cannot maintain his action for the purpose of partitioning the land, and having his one-fifth interest in the fee set off, and leaving the life estate, or his interest as tenant by the curtesy, intact? If so, the demurrer was properly sustained; if not, the cause must be reversed. We think the petition stated a good cause of action in so far as the plaintiff's one-fifth interest is concerned. The section of the statute above quoted (Sec. 1995, R. S. 1919) authorized anyone owning an interest in real property, though subject to a life estate, dower or curtesy, to prosecute an action to have his interest partitioned subject to such estate. [Preston v. Brant, 96 Mo. 552; Reinders v. Kopplemann, 68 Mo. 500; Scoville .v.

Hilliard, 48 Ill. 453; Otley v. McAlpine's Heirs, 2 Gratt. 341.]''

In a later case, Hayes v. McReynolds, 144 Mo. l. c. 353, 354, it is said: ''So far as the contention is that Mrs. McReynolds (defendant) is not a co-tenant with the other parties to the suit there can be no question. Nor is she a joint tenant. She owns the entire property for and during her natural life independent and irrespective of the interests of the other parties, and this being the case, she has no interest to set off or partition, and does not come within the meaning of the statute. [Atkinson v. Brady, 114 Mo. 200.] But it does not thence follow that the property may not be partitioned by the remaindermen, *subject to her life interest,* and we think the petition states a good cause of action for that purpose. The statute quoted authorizes anyone owning an interest in real property, *though subject to a life estate, dower or curtesy,* to prosecute an action to have his interest partitioned *subject to such estate.*''

Again, in Flournoy v. Kirkman, 270 Mo. 1, a mother conveyed land in fee to her three daughters, subject to a life estate reserved for herself. One of the daughters died leaving heirs surviving, who sought partition. Said this court in ruling the matter (l. c. 4): ''We feel constrained to say that there does not appear any reason why the defendant Martha A. Gann (the mother, holder of the life estate reserved) should be made a party defendant herein. She is not a co-tenant with the other parties. *They are permitted to make partition, but it must be subject to her life estate.* [Hayes v. McReynolds, 144 Mo. 348.]''

In Carson v. Hecke, 282 Mo. l. c. 591, GOODE, J., speaking for this division of this court, said: ''The right to partition in such cases extends, for the benefit of co-tenants for life, to allowing their estates to be divided between them, and for the benefit of remaindermen and reversioners, to allowing partition of their holdings, subject to the life estate. [Atkinson v. Brady, 114 Mo. 200; Hayes v. McReynolds, 144 Mo. 348; Stockwell v. Stock-

well, 262 Mo. 671, 679.]'' Somewhat similar in effect is Martin v. Trail, 142 Mo. 85.

It follows from what we have herein said, that the judgment *nisi* should be reversed and the cause remanded for further proceedings not inconsistent with our conclusions herein expressed, and it is so ordered. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur, except *Woodson, J.,* absent.